## GRAESSLE v. CARPENTER.

1. **Trespass upon Real Estate**: MEASURE OF DAMAGES. Defendant entered upon plaintiff's lot without permission, and dug trenches and laid water-pipes through it to his own adjoining premises, thereby injuring plaintiff's fences, walks, trees, shrubbery and house. *Held* that plaintiff's measure of damages was such sum as, expended for the purpose, would put the property in as good condition as it was in before the injury, with such additional sum as would compensate him for the use and enjoyment of the property, if he was deprived thereof by the injury, and the value of such property (as trees, buildings, and the like) as may have been wholly destroyed, and could not be restored to the condition in which it was before the injury; and an instruction, that the measure of his damages was the difference in the value of the property before and after the injury was erroneous. ADAMS, CH. J., *dissenting*.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 3.

Action to recover for injuries to plaintiff's real estate by reason of trespasses committed by defendant thereon. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Cummins & Wright* and *Finkbine & McClelland*, for appellant.

*John A. McCall* and *Nourse, Kauffman & Guernsey*, for appellee.

BECK, J.—I. The defendant, who owns property adjacent to the lot of plaintiff upon which the trespasses were committed, entered thereon without plaintiff's consent, and laid water-pipes through it to his own premises. Injury resulted therefrom to the fence, walks, trees, shrubbery and house of plaintiff. To recover therefor plaintiff brings this suit.

II. The court below gave to the jury an instruction in the following language: "*Sixth.* If you find for the plaint-

iff, the measure of her damage is the difference in value between the premises as they were immediately before defendant entered upon them to do the acts complained of, and the value of the premises after the trench was cut and pipe laid; and the value of the premises after the trench was cut and the pipe laid must be considered in the light of the consequences resulting directly thereform, such as injury to the house, fences, grounds, trees and shrubbery; providing, such injury to house, fences, grounds, trees, shrubbery was caused directly and approximately by the acts complained of; but defendant would not in any event be liable for remote or consequential damages resulting from his acts, but only for the direct and proximate results; nor is defendant liable for treble damages, or exemplary damages, being the difference in value, if any, of the premises as aforesaid."

Evidence tending to show plaintiff's damage in accord with the doctrine of this instruction was admitted, but it was not shown that the acts complained of were of such a nature as to permanently injure the real estate, or that the injuries cannot be repaired, and the property restored to its condition before the trespass. In our opinion the instruction is erroneous in presenting a rule for the measure of damages not recognized by the law as applicable to the facts of the case. For an injury to real property unaccompanied by malice or oppression on the part of the wrong-doer, and in the absence of a special remedy or a special liability created by statute, the law gives to the injured party compensation, and nothing more. Hence, that rule for determining the measure of damages which will give the plaintiff just and full compensation is approved by the law. In the case before us, the familiar and simple rule applicable to such cases would perfectly attain that end. That rule is this: the plaintiff may recover as damage the sum which, expended for the purpose, would put the property in as good condition as it was in before the injury, with the additional sums which would compensate the plaintiff for the use and enjoyment of the property, should he be

deprived thereof by the injury, and the value of such prop-
erty, as trees, buildings, and the like, which have been wholly
destroyed, and cannot be restored to the condition they were
in before the injury. See *Freeland v. City of Muscatine*,
9 Iowa, 461; *Striegel v. Moore*, 55 Id., 88; *Chamberlain v.
Collinson*, 45 Id., 429.

This rule, it seems to us, complies more nearly with the
rule of the law limiting recovery in such cases to a sum that
will be fully compensatory for the wrong done, and may be
applied more readily than any rule based upon the values of
the property before and after the injury, which are necessarily
uncertain, and in a degree changeable in character. Besides
this, we have observed that values are very difficult to deter-
mine, for the reason that their estimation rests almost wholly
upon the opinion of witnesses, based, usually or often, upon
speculation or fancy. One of the items of damages in this
case was the injury to the building situated upon plaintiff's
lot. A mechanic or builder could, with a great degree of
accuracy, estimate the cost of restoring the building to its
condition before the injury. But, were such an injury con-
sidered as an element in estimating the diminution of the
value of the whole property, there would be great uncertainty
in the result. The value of real property before and after
an appropriation of a part thereof by a railroad company for
occupancy of the track, under decisions of the court, deter-
mines the measure of the damage of the land-owner. This
rule is based upon the consideration that a part of a tract of
land, usually a strip, is primarily occupied, and the value of
the whole is affected by the occupation. Therefore, in order
to justly compensate the land-owner, the diminution of the
value of the whole tract, caused by taking a part, must be
considered.

The cases decided by this court which are cited by plaint-
iff's counsel are of this character, with one exception, namely:
*Drake v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 302. In
this case it is held that evidence was not properly admitted

Graessle v. Carpenter.

which showed that the land, had it not been flooded,—the injury complained of,—would have produced as much corn as was raised on other land. The view is expressed in the opinion that the damages should have been estimated by considering the effect of the injury upon the value of the land. It is doubtless supported by the consideration that the damages of the plaintiff were not properly measured by the estimated value of one crop. Injury to other crops, permanent damage, and inconvenience, it is said in the opinion, should be considered in determining the measure of plaintiff's recovery. These would all affect the value of the land, which, therefore, should be considered in determining the measure of plaintiff's damage.

We reach the conclusion that the circuit court erred in giving the instruction above quoted, and in admitting evidence of the comparative values of the property.

REVERSED.

ADAMS, CH. J., *dissenting.*—In my opinion, the sixth instruction given by the court, and held by the majority to be erroneous, is correct. It is very properly said in the majority opinion that, in the absence of a special remedy or special liability, the law gives the injured party compensation, and nothing more. So far there can be no difference of opinion. Neither can it be denied that if the injured party is paid to the extent that the property is depreciated in value by the injury, or, what is the same thing, the difference between the value before and after the injury, he would receive compensation, and nothing more. It is not necessary that witnesses should be called to prove the value of the property. It is not even necessary that they should know what the entire property is, unless the injury sustains some relation to the property in its entirety. Ordinarily, it is sufficient if they know what the injury is, and the character of the property injured; if they know that, they should be able to judge of the amount of depreciation caused

by the injury, or the difference in value before and after the injury. The cost of restoration may or may not be a proper measure of damages. It would not be, if it would not be judicious to make such expenditure. It would not be difficult to suppose a case where an injured building would be in such a condition that, while not wholly worthless, the cost of repairing the injury would be greater than the value of the building repaired. In such case the cost of restoration would not be the proper measure of damages.

In the case of *Esterbrook v. Erie R'y Co.*, 51 Barb., 94, where the defendant had so constructed its embankment as to cause a deposit to be made on the plaintiff's land, the court held that the cost of removing the deposit would not be the proper measure of damages, if the cost of removal would be greater than the value of the land restored. Again, the rule of cost of restoration is inapplicable in another class of cases, and that is where the value of the property after the restoration would be greater than before the injury. This would often be the case where the thing or part destroyed or injured was already old and defective. The rule, then, announced by the majority is one of limited application, and is of no use anywhere except as a mode of reaching the same result as would be reached under the instruction which is held erroneous. The rule of the instruction is the same as that held in *Chase v. New York Cent. R'y Co.*, 24 Barb., 273, which is cited approvingly and followed in *Drake v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 310. The case of *Chase v. New York Cent. R'y Co.*, was one where the injury was to the plaintiff's garden, grounds and fruit trees, and was not, so far as the character of the injury was concerned, unlike the case at bar. In that case the trial court had instructed the jury that the rule of damages was the difference between the value of the premises before the injury happened, and the value immediately after the injury. The court approved the instruction, saying that "it called upon the jury to decide, in the most practicable way they could, the real injury done

to the plaintiff's property by the conduct of the defendants complained of."

In applying the rule, the jury might doubtless be aided in some cases by considering the cost of restoration. This would be so where restoration was practicable and judicious, and the property in its restored or repaired condition would be of the same value that it was before the injury.