J. B. EVERETT, Appellant, v. HELEN CHRISTOPHER and OLE CHRISTOPHER.

**Diversion of surface water:** DAMAGES: PLEADINGS: PROOF. Proof that defendant obstructed the natural flow of surface water on his own land merely causing the same to go upon the plaintiff's land at a different place than when flowing in the natural channel, causing injury thereby, was within the allegations of a petition alleging that such obstruction of the natural channel turned the surface water on to plaintiff's premises, and authorized recovery; and a submission of the case on the theory that unless the water turned onto plaintiff's land, if allowed to take its natural course would not have flowed thereon, no recovery could be had, was error.

*Appeal from Story District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

ACTION to recover damages because of diverting surface waters. Judgment for defendants, from which the plaintiff appeals.— *Reversed.*

*McCarthy & Lee,* for appellant.

*Fitchpatrick & McCall* and *D. J. Vinje,* for appellees.

LADD, J.— The defendants' farm, of one hundred and sixty acres, lies immediately north of plaintiff's eighty-acre tract. The petition alleged " that there is and was naturally a swale across the premises occupied by the defendants, entering near the northeast corner, and extending southwest to an exit a little north of the southwest corner; " that it was the natural outlet for the surface water from a large tract of land lying to the northeast; that the defendants, " for the purpose of obstructing the flow of said surface water across their premises in the natural channel, and for the purpose of turning the same upon this plaintiff's premises," built a

dam across said swale in 1891 " in such a manner as to stop the flow of surface water in its natural channel and turn it across plaintiff's premises," and filling the channel below said dam, and have constructed a barrier so that all the water coming down said swale is prevented from flowing across defendants' premises and is forced upon plaintiff's land; " that by reason of the obstruction of said natural way the water during the present season has been diverted out upon this plaintiff's premises so as to totally destroy seventy acres of corn, and damage ten acres more, and worked injury to other crops, and also plaintiff's land, by excavating ditches therein.    Some of the evidence was to the effect that, but for these ditches and dams, none of the surface water would have reached plaintiff's land, while other evidence tended to show that the water naturally flowed to the southwest portion of defendants' land, from whence about one-half of it spread out on the northwest part of plaintiff's farm, and that, after the construction of the ditches and dams, considerable water overflowed from the ditch and passed over on the land of plaintiff, near the center of the north line, and damaged his crops.

The cause was submitted to the jury on the theory that unless surface water was turned on plaintiff's land, which, if allowed to take its natural course, would not have flowed thereon, no recovery could be had.    An instruction to the effect that if the water was diverted upon plaintiff's farm in a manner different from that it would have taken in flowing thereon, to his injury, he should be allowed the damages occasioned thereby, was refused, and the jury instructed in the eighth paragraph of the charge that if the water would have flowed on plaintiff's premises, had there been no obstruction, he was not entitled to recover.    The correctness of the statement of the law as embodied in the instruction refused is not challenged.    See *Holmes v. Calhoun County,* 97 Iowa, 360, and cases cited.    Nor is it denied that the evidence was ample upon which to base it.    Its refusal is sought

to be justified on the ground that the particular wrong is not included in the allegations of the petition. Under our system. of pleading, a party is not required " to prove more than is necessary to entitle him to the relief asked for or any lower degree included therein." Section 3639, Code. Had there been no allegation in the petition with reference to the exit of the water from defendants' premises, it would have stated a cause of action, for they had no right to divert the water, by constructing an embankment from the ditch or swale, upon plaintiff's land, to his injury, at a place other than it naturally flowed, regardless of whether it would have reached some other portion of his land. Such cause of action was included in the averments of the petition, and because of the error in the eighth paragraph of the charge, and in refusing the instruction asked, the judgment is *reversed.*