R. L. WALTERS, Appellee, v. IOWA ELECTRIC COMPANY, Appellant.

ELECTRICITY: Negligence—Presumption. An allegation of negligent construction or maintenance of an electrical transmission line is unnecessary, and if made, need not be proved, in an action for damages caused by fire set out by such line. Proof that fire was communicated to property by said line, and proof of the amount of damages resulting, plus the statutory presumption of negligence on the part of the operator of the line, make a prima-facie case for recovery.

DAMAGES: Measure of Damages—Loss of Buildings. The measure of damages for the wrongful destruction of buildings is their fair, reasonable value at the time of destruction.

DAMAGES: Measure of Damages—Loss of Grove. The measure of damages for the wrongful destruction of a grove on a farm is the difference between the value of the farm immediately before and immediately after the destruction.

Headnote 1: 20 C. J. pp. 379, 380 (Anno.); 31 Cyc. p. 675. Headnote 2: 17 C. J. p. 885. Headnote 3: 17 C. J. p. 891 (Anno.)

Headnote 2: L. R. A. 1917A, 367; 8 R. C. L. 482. Headnote 3: 8 R. C. L. 486.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

MARCH 15, 1927.

Action to recover damages in the sum of $4,980.90, with interest, on account of the loss and destruction of certain farm buildings and trees by fire alleged by plaintiff to have been caused by the negligence of the defendant in the maintenance of its high-tension electric wires. Cause tried to the jury, the trial resulting in a verdict in favor of plaintiff for $3,409.45. From the judgment entered thereon defendant appeals.—*Affirmed.*

*John A. Reed, C. E. Richman,* and *Harry Wifvat,* for appellant.

*A. M. Fagan,* for appellee.

DE GRAFF, J.—Plaintiff was the owner of a Guthrie County farm on which were located certain buildings, including two barns, a machine shed, hog house, and corncrib. On May 22,

1. ELECTRICITY: negligence: presumption.

1925, the aforesaid buildings were destroyed by fire, and in this action plaintiff seeks to recover the reasonable value thereof, and predicates his right on the negligence of the defendant-corporation in the maintenance and operation of its electric lines for the transmission of electrical current. The farm in question was situate on the north side of a highway, along which, and on the north side thereof, was constructed the high potential line of the defendant. Near the highway fence was a large maple tree, in close proximity to the electric line. Plaintiff alleges that a fire started in said tree by reason of its contact with the electric wire "in some manner unknown to the plaintiff," but states that the fire "was due to either negligent construction or failure to keep said lines in proper repair, or by negligent construction of same in such manner that the same was allowed to communicate fire to said tree; that from the fire originating in said tree fire was set to several of the buildings and other property upon the premises of the plaintiff, and thereby damaged or destroyed the same."

The defendant admits, in answer, that it is an Iowa corporation engaged in the manufacture and distribution of electricity for lighting, heating, and power purposes, and maintaining high-tension lines to various towns in the southern part of Guthrie County, Iowa; that the high-tension line is located along the public highway aforesaid, past the farm owned by the plaintiff; and that the right and privilege of operating said lines upon the public highway were granted to the defendant in conformity to law. Defendant denied every other allegation contained in plaintiff's petition and pleads freedom from any negligence contributing to the damage in question.

Upon the conclusion of plaintiff's testimony, and without the introduction of any testimony on the part of the defendant, the cause was submitted to the jury, which returned a verdict in favor of plaintiff in the sum of $3,409.45.

The facts disclose that the maple tree was 40 or 50 feet tall, with a trunk 3 feet in diameter at its base. The high-tension wire was attached to poles which were about 30 feet high. Near the top of the pole was a steel cross arm known as the wishbone cross arm, upon which were insulators, to which were attached the high-tension wires, carrying 33,000 volts of electricity.

Several years prior to the date in question, the defendant-company had cut off a part of a large limb which extended from the southeast side of the maple tree. The remaining part of the limb, about 6 or 8 inches in diameter, died, and the wood decayed. The wire became slack, and would sway back and forth with the wind. On the day in question, the wind was blowing 30 miles an hour, which caused the wire to come in contact with the limb of the tree. The evidence is undisputed that the wire set fire to the decayed portion of the limb, and the sparks were blown by the wind in the direction of the corncrib, which was about 150 feet distant. One witness testified:

"I noticed a fire in the tree where the limb had been cut off, and it was burning. The wind was blowing this light wire about to the tree at times. There were sparks flying from this knot toward the building—sparks about the size of my finger. The wire moved with the velocity of the wind, back and forth."

Another witness, who passed the farm about 3 o'clock on the afternoon in question, saw the fire in the tree. Another witness

testified to the same effect. There was no fire around the buildings on that day, "and not in the cook stove."

The jury was warranted in finding that the cause of the fire which destroyed the buildings and part of the grove on plaintiff's farm was the contact of the high-tension wire with the decayed limb of the maple tree. There was no speculation about this matter, and in the light of the testimony and the provisions of statute presently noted, we discover no reversible error. Plaintiff was not required to aver or prove more than was necessary to entitle him to the relief asked. Section 11181, Code of 1924. See, also, *Garvik v. Burlington, C. R. & N. R. Co.*, 124 Iowa 691; *Everett v. Christopher*, 125 Iowa 668; *Watts v. Wright*, 201 Iowa 1118.

If an allegation may be entirely omitted without affecting the sufficiency of a pleading, plaintiff is under no obligation to prove such allegation. *Luttermann v. Romey*, 143 Iowa 233; *Security Sav. Bank v. Capp*, 193 Iowa 278. Furthermore, and as applicable to a case of this character, the statute provides:

"In case of injury to any person or property by any such transmission line, negligence will be presumed on the part of the person or corporation operating said line in causing said injury, but this presumption may be rebutted by proof." Section 8323, Code of 1924.

It was incumbent upon the plaintiff to prove that the fire which destroyed his buildings and trees proximately originated from the electric line of the defendant-corporation. *Gibson v. Iowa Cent. R. Co.*, 136 Iowa 415; *Eisentrager v. Great Northern R. Co.*, 178 Iowa 713; *Weber v. Davis*, 198 Iowa 785.

The evidence established a prima-facie case for the plaintiff. True, the defendant-corporation was not an insurer, but it was its duty to use reasonable care commensurate with the danger, to prevent the escape of electricity from its lines. In other words, in view of the highly dangerous character of an electrical current, which in this case is shown to be 33,000 voltage, the exercise of reasonable care on the part of the defendant involved a high degree of diligence and foresight in the construction and maintenance of its lines in a safe condition. See *Knowlton v. Des Moines Edison L. Co.*, 117 Iowa 451.

The trial court properly instructed the jury, under the provisions of the statute (Section 8323).

In brief, under the evidence in this case, the burden was upon the defendant to show that the destruction of plaintiff's property was not caused by any act or omission on its part which was the violation of or an omission to perform a duty which it owed to the plaintiff for the safety and protection of plaintiff's property, if said property was, in fact, destroyed or injured by the defendant's transmission line, which latter fact the plaintiff must first establish.

Some complaint is made by appellant that the verdict of the jury is excessive as to the value of the property destroyed. We discover no merit in this contention. Two species of property were destroyed,—buildings and a grove. The measure of damage for the destruction of the buildings is their fair and reasonable value on May 22, 1925, immediately before the fire. *McMahon v. City of Dubuque*, 107 Iowa 62; *Scott v. Security Fire Ins. Co.*, 98 Iowa 67. The measure of plaintiff's recovery on account of the injury to the trees or grove on the premises is the difference between the market value of the plaintiff's farm as it was before the trees were destroyed or damaged and its market value after the same were destroyed or damaged, without taking into consideration, in estimating the difference in value, the loss or injury to any property except the trees. *Brooks v. Chicago, M. & St. P. R. Co.*, 73 Iowa 179; *Barnes v. Rawson*, 111 Iowa 426; *Meyer v. Standard Tel. Co.*, 122 Iowa 514. The grove in question, planted some forty years ago, was primarily a windbreak, as a protection from the north wind for stock and the buildings. Fifty-one trees were diagnosed as dead, and twelve damaged. The opinion evidence as to the value of the property destroyed came from witnesses who were competent to testify, and these witnesses testified that they knew the value of the buildings and the property destroyed. The jury, as triers of fact, were privileged to accept the positive, uncontradicted, and unimpeached testimony of these witnesses. Their testimony was reasonable and in conformity to the nature of things. The verdict must stand.

*Marginal note: 2. DAMAGES: measure of damages: loss of buildings.*

*Marginal note: 3. DAMAGES: measure of damages: loss of grove.*

Wherefore, the judgment entered by the trial court is—*Affirmed*.

EVANS, C. J., and ALBERT and MORLING, JJ., concur.