This is an action to recover damages to real property. Appellee is the owner of a tract of land in Webster County, containing 112 acres. On October 31, 1877, the then owner thereof conveyed all the coal underlying 16 3/4 acres of said tract, together with "the right to cut and use all the timber now standing on above described land and lying directly east of *Page 168 
the mouth of said mine for any purposes connected with operation of the mine," to Mary C. Tourtellott. Through several mesne conveyances, appellant subsequently acquired the mineral rights conveyed by said deed.
The court's statement of the issues to the jury included three distinct grounds of recovery. These distinct grounds were submitted in separate paragraphs of the charge to the jury. In addition to the grounds submitted, appellee alleged in his petition that appellant wantonly opened drifts, dug holes, built runways of refuse earth, and deposited the same upon the surface, to the great injury and damage thereto.
The distinct elements or grounds of recovery submitted to the jury were: (1) The digging of an excavation or drift in the side hill beyond the limits of the 16 3/4-acre tract; (2) the removal of coal from pillars left to protect the surface, causing a subsidence thereof, with consequent damage thereto; (3) the cutting and removal of trees from said 16 3/4-acre tract.
Evidence was introduced from which the jury could find that appellant did all of the things alleged in the petition and submitted by the court to the jury, with the possible exception that the removal of coal from the pillar did not result in damage to the surface.
Two principal propositions are assigned by appellant for reversal: namely, error in permitting various witnesses to answer certain hypothetical questions as to value which included improper elements of damage, and the submission to the jury of an erroneous measure of damages.
I. The hypothetical questions were not happily phrased. The owner of the mineral has the right to use so much of the surface as is reasonably necessary for mining the same. Hammarstedt v. Bakeley, 182 Iowa 1356. Appellant was not, 1. EVIDENCE: therefore, required to remove from the premises opinion the slate, earth, or other substance taken from evidence: the mine, but had a right to deposit it upon the examination surface adjacent thereto. The reasonable and of experts: necessary use of the surface by the owner of the improper coal is such as would usually and ordinarily be form. necessary, for the proper and legitimate mining thereof. The testimony tended to show that considerable earth and slate were removed and deposited upon the surface in such a way as to cover up and destroy the use thereof *Page 169 
for pasture or cultivation. To what extent the surface thus used was reasonably necessary for mining purposes was a question of fact for the jury. The hypothetical questions were apparently framed upon the theory that appellant had no right to deposit the refuse from the mine or mines upon the surface. This theory of appellee's right of recovery obviously led counsel to overlook the distinction that should be made between the right to use the surface at all, and the right to use it so far as was reasonably necessary to the proper conduct of the mining operations. The hypothetical questions were, we think, too broad. Appellee did not undertake to show to what extent the material taken from the mines was unnecessarily or unreasonably piled or spread upon the surface. Hypothetical questions of the character mentioned should include only proper and legitimate elements of damage.
II. Rules for the admeasurement of damages are not always easy of identification or application. Regard must always be had to the basic principle upon which damages are allowed: namely, compensation for the injury suffered. Three distinct rules, pertinent to the questions before us, are well settled in this state.
If the thing destroyed or removed from real property, although a part thereof, has a value which can be accurately measured or ascertained without reference to the soil on which it stands, the recovery is the value of the thing thus destroyed or removed, and not the difference in the value of the land. Koonz v. Hempy,142 Iowa 337; Rowe v. Chicago N.W.R. Co., 102 Iowa 286; McMahon v.City of Dubuque, 107 Iowa 62; Anderson v. Wilson, 142 Iowa 158;Greenfield v. Chicago N.W.R. Co., 83 Iowa 270.
Where the character of the injury is such that the premises may 2. DAMAGES: be reasonably restored to as good condition as measure of they were before, the measure of recovery is the damages: fair and reasonable cost and expense of such injury to restoration. Graessle v. Carpenter, 70 Iowa 166; property: Krejci v. Chicago N.W.R. Co., 117 Iowa 344; restoration Watson v. Mississippi R.P. Co., 174 Iowa 23. at nominal expense.
If the character of the injury is such that the property cannot be repaired or restored to its former condition at a reasonable expense, or is to the soil, or involves the destruction of trees having a particular value as a part thereof, such as orchards or *Page 170 
shade trees, the measure of recovery is the difference between the value of the real property immediately before and after the injury. Greenfield v. Chicago N.W.R. Co., supra; McMahon v.City of Dubuque, supra; Walters v. Iowa Elec. Co., 203 Iowa 467; 4 Sutherland on Damages (4th Ed.), Sections 1018, 1019.
As bearing upon the measure of damages and the distinctions to be observed in the application of the various rules, see Drake v.Chicago, R.I. P.R. Co., 63 Iowa 302; Sullens v. Chicago, R.I. P.R. Co., 74 Iowa 659; Smith v. Chicago, C. D.R. Co., 38 Iowa 518; Harvey v. Mason City Ft. D.R. Co., 129 Iowa 465.
The measure of damages submitted by the court, as to all of the grounds of recovery of which appellant complains, was the difference between the market value of the 112-acre tract immediately before and immediately after the alleged damages occurred. Since the true measure of damages in all cases is the one that will allow compensation for the injury suffered, the applicable rule must be determined upon the basis of the facts to be considered.
It is the contention of appellee that a drift or entry was dug upon the hillside by appellant outside of the limits of the 16 3/4-acre tract. It is contended by appellant that the excavation made was inconsequential, and could readily have 3. DAMAGES: been filled, and the surface restored to its measure former condition, at a practically nominal of damages: expense. If so, such expense was the proper permanent measure of appellee's recovery. Graessle v.
injury to Carpenter, supra. If, on the other hand, the realty. slate and the other substance removed from the excavation and deposited upon the surface were of such a character that it could not be readily removed, and such as to cause permanent injury thereto, the measure of damages would clearly be the difference in the value of the real property immediately before and immediately after the excavation was made. Appellant had no right to enter upon the premises of appellee outside of the 16 3/4-acre tract, and, if the excavation made was outside thereof, appellant was liable for all of the damage caused by the same.
The measure of damages caused by the mining operations of appellant was the difference in the market value of the land *Page 171 
4. MINES AND immediately before and immediately after such MINERALS: mining operation, taking into consideration only operation: such refuse as was removed and spread upon the excessive surface in a manner not reasonably necessary in use of carrying on the mining operations. measure of surface: damages: wrongful cutting of trees. damages.
It was asserted by appellee in his testimony that appellant cut and removed 206 forest trees from the premises in question. Appellant concedes that he was entitled only to remove such trees as were standing on the premises on October 21, 5. DAMAGES: 1877. All of the trees removed were apparently measures of subsequent growth. They were from six inches of damages to a foot in diameter, and, according to the wrongful testimony of appellant, from 40 to 50 feet in cutting of height. The trees were not desired for shade, trees. beautification of the premises, or other particular use. They were ordinary forest trees, growing upon the hillside of the 16 3/4-acre tract. They were removed for, and at least part of them were used by appellant as, props in the mine.
The appellant undertook to show, on cross-examination of appellee's witnesses, the value of the trees after they were severed from the soil. This he was not permitted to do. The evidence further tended to show that appellee had removed the trees from a portion of his premises outside of the 16 3/4-acre tract, and that he employed men to cut and remove some or all of the trees standing thereon, but was prevented from doing so by the appellant, who claimed the right to cut and use such trees in the mining operations.
It is apparent from the testimony that the trees had a value separate and distinct from the soil, which could be definitely and accurately determined. No damage was occasioned to the soil by the removal of the trees. This being true, we are of the opinion that the measure of damages for the cutting and appropriation of the trees was the fair and reasonable market value thereof, when severed from the soil.
Appellee, at this point, relies upon Walters v. Iowa Elec. Co.,203 Iowa 467. The decision in that case does not support appellee's contention. The trees injured or destroyed by the defendant were planted by the owner of the land many years before, and were desired for shade, windbreak, or other protection to the premises. *Page 172 
Perhaps our discussion has gone somewhat beyond the questions raised by counsel in argument, but, in view of a possible retrial, we have gone thus fully into the matter. Objection was made by appellant to the questions propounded to the witnesses touching the measure of damages, and exceptions to the instructions given were preserved. The questions passed upon were, therefore, fairly raised in the court below.
Further citation of authority or discussion of the principal questions for decision is unnecessary. The judgment of the court below is reversed. — Reversed.
All the justices concur.