**A. E. TUCKER, Appellant,**

v.

**A. A. LANE, Appellee.**

**No. 10545.**

Court of Civil Appeals of Texas.

Austin.

March 26, 1958.

Rehearing Denied April 16, 1958.

J. W. Thomas, Belton, for appellant.

Crawford & Harris, Killeen, for appellee.

GRAY, Justice.

In this suit appellee recovered a judgment against appellant for damages for the destruction of a building or room located on premises owned by appellee.

Some years prior to the occurrence in question appellant leased a building from Will Sutton the then owner. This building was located in the City of Killeen, Texas. Thereafter appellant operated a cleaning business in the building and with the consent of Sutton he constructed a room at the back of the building for the purpose of housing a boiler used in connection with his cleaning business. The room was described as being about 8 feet by 10 feet with three masonry walls. It was built against the leased building which made its fourth wall and its roof was corrugated tin.

Sometime after the room was built Sutton sold the premises to appellee and appellant continued to occupy the building as a tenant. At the end of his tenancy appellant removed his boiler and in so doing he caused damage to the room housing it.

It was alleged that two of the walls were demolished which caused the roof to collapse. Appellee also alleged that in removing an air cooler from the leased building appellant damaged a window; that he further damaged the leased building by painting out a sign on its front, and left debris on the premises.

Appellee alleged:

"That the value of Plaintiff's premises immediately after Defendants vacation thereof was $902.00, less than the value thereof immediately prior to Defendants vacation thereof, and Plaintiff has accordingly sustained actual damage in said amount."

Appellee alleged that he was entitled to recover the sum of money necessary to restore the room to the same condition it was in prior to the removal of the boiler; for damage to the window of the leased building; for expenses incurred in removing the paint from the front of the building and removing debris from the premises; for loss of the use of the building; for attorney's fees, and for punitive damages.

It appears that at the time of the trial there was in effect an ordinance passed by the City of Killeen which prohibited the

erection of a building of like kind to the damaged room.

At a nonjury trial a judgment was rendeed awarding appellee $800 for damage to the room and $39 for damage to the window of the leased building. The judgment further provided that:

"  *  *  *  all other claims or damage set forth in Plaintiff's Original Petition the Court finds in favor of Defendant and denies Plaintiff any recovery on such claims."

The only evidence as to the value of the room prior to the removal of the boiler was given by Will Sutton who was asked if it enhanced the value of his building and he said:

"Well, I don't know whether it did or not, yes, possibly some, possibly it did some, some little I guess, whatever the amount of those blocks were. I don't know."

There is no evidence as to the value of the premises either before or after the room was damaged.

Appellant called Joe Williamson, an engineer, who was asked and testified as follows:

"Q. In your opinion as a professional engineer, would it have been possible in the state in which you found that room to have been, to have rebuilt it as it originally was? A. Well, sir, we couldn't have rebuilt it like it was. The city code there in Killeen would not have let us wire it back like it was, nor would they have let us get by with three walls. We would have had to have another wall between it and the existing building. That wall would have had to extend two feet above the roof of the new building there. Of course, the walls we added on to would not have been the same type of construction. In other words, that was a little bit, it was not quite as good a construction as we normally would have

put up. I am not sure of the foundation. I think we probably would have had to do something to it.

"  *  *  *  Mr. Lane just asked us for a bid to build that thing back and I told him that we could not build it back like it was built because we would have to follow the building code and good building practice. In other words, we just were not interested in patching it back. If we were going to do the job then we were going to raze the walls down to the foundation and then we were going to come up with a good wall and put a good roof on it and come in there with a wall between it and the metal building, which would be in compliance with the code, and we couldn't do it any other way."

Mr. Williamson was permitted to testify that a bid was submitted to appellee which was received in evidence and in part is:

"We are happy to give you a bid on the restoration of the masonry structure attached to the rear of an existing metal building on your property at the corner of East Avenue 'C' and Fourth Street, Killeen, Texas.

"Under the City Building Ordinances and Codes, which we will necessarily have to comply with in order that we may be issued a building permit, several items of work will have to be performed in conjunction with this masonry building that were not incorporated in the existing one. Specifically, the present Romex wiring will have to be installed in metal conduit, not only in the masonry portion, but in the metal building that it is attached to as well. All electrical panel boards, disconnect switches, entrance and meter loop will also have to be brought up to provisions of the City Electrical Code. The portions of the masonry wall that have been partly demolished will have to be razed to the foundation and brought up with new tile in order to

have safe and sound construction on which to place the new roof.

"For all of the above items of work, and replacing the construction to its original form, using sound building practices and complying with all local codes and ordinances, our bid for the work, furnishing all labor and materials, permits and fees, is Eight Hundred Sixty-Two Dollars ($862.00)."

Williamson said he did not know what it would cost to build the room back like it was and that in his bid he did not "figure on all new material" but that some of the old materials would be used.

■ The sole question presented for review is whether the proper measure of damages was applied by the trial court.

Our above quote from appellee's pleading shows that he sued for the difference in the value of the premises immediately before and immediately after the room was damaged. However during the trial he appears to have abandoned his pleaded theory of recovery and undertook to recover damages independently of damages to the entire premises.

■ Upon proper proof being made a party may be permitted to recover the value of fixtures attached to the land independently of damages to the realty but to do so there must be evidence of the value of the fixtures separate and apart from the realty. See Missouri, K. & T. Ry. Co. v. Mitchell, Tex.Civ.App., 166 S.W. 126, Er. ref.; King v. McGuff, 149 Tex. 432, 234 S.W.2d 403. In Cummer-Graham Co. v. Maddox, Tex., 285 S.W.2d 932, 936, the court approved the following from Grell v. Lumsden, 206 Iowa 166, 220 N.W. 123:

"* * * If the thing destroyed or removed from real property, although a part thereof, has a value which can be accurately measured or ascertained without reference to the soil on which it stands, the recovery is the value of the thing thus destroyed

or removed, and not the difference in the value of the land. * * *"

Here there is no evidence of the value of the room separate from the realty or for that matter with it. Neither is there any evidence of the value of the premises before or after the room was damaged.

However, regardless of the method of recovery just compensation for the loss sustained is the result to be sought.

The only evidence here which in any manner goes to value relates to the cost of erecting a new room having four walls instead of three, having a roof different from the damaged room and also having appliances not present in the old room.

In Pacific Express Co. v. Lasker Real Estate Ass'n, 81 Tex. 81, 16 S.W. 792, 793, the court considered the measure of damages for the partial destruction of a house. In that case as here there was no evidence tending to show the value of the property before the destruction of the house but only evidence showing what it would cost to then erect such a house. The trial court found on the measure of damages as follows:

"The measure of damages which plaintiff is entitled to recover is the amount which would have been necessary, at the time and place of the damage to restore said house to its condition immediately preceding the fire, with interest on such sum at eight per cent. per annum from the date of damage to date of trial."

The court said:

"In the case before us there was no evidence on which the court could assess the damages according to any other measure than that adopted, and the burden of producing such evidence as would enable the court to properly assess the damages was on the plaintiff. Cases may arise in which the measure of damages adopted by the court would be equitable, but this would

not be so in all cases. If a house was old, it would be difficult to apply this measure, for, in addition to the deterioration in value of the material in such a case, there would necessarily be much dilapidation in the structure itself, and it would be impracticable, in the nature of things to reconstruct it in the same form and dimensions without betterment both in material and structure, and the cost of this would fall on a defendant. * * * In cases such as this, in which the ownership of a house, and the land on which it stands, is in the same person, we are of opinion that the house should be treated, as it is in other cases, as a part of the land, in determining the damages such an owner is entitled to recover on account of the partial or total destruction of a house. If the difference between the value of land immediately before and after a house on it is injured or destroyed, with interest on the sum thus ascertained from the time of the injury, be adopted as the true measure of damages in such cases, we have a rule certain in its application, and that will give just compensation in all cases not exceptional in character; while, if the rule adopted in this case be applied, it will frequently occur that this just result will not be reached."

See also Pacific Express Co. v. Smith, Tex., 16 S.W. 998.

In 13 Tex.Jur. Sec. 60, p. 154, it is said:

"In the case of the destruction of a building, the measure of damages usually applied is the difference between the value of the entire premises on which the building was located immediately before and immediately after its destruction, with interest, and not the cost of erecting a new structure in its place."

However it is also said that the above is not the exclusive remedy and that:

"If market value immediately before and after the house was destroyed cannot be shown because of lack of such value, then the plaintiff must produce evidence which shows diminution in the value of the property."

In the case here the wrong measure of damages was, in any event, applied and appellee was allowed to recover the cost of erecting a new and different building to the one that was damaged and thereby he was allowed to recover not just but additional compensation.

We think the case has not been fully developed and for which reason the judgment of the trial court is reversed and the cause is remanded.