**Richard F. LAUBE and Judy K. Laube, Appellants,**

v.

**ESTATE OF Vernon O. THOMAS and Betty M. Thomas, Appellees.**

No. 85–109.

Supreme Court of Iowa.

Nov. 13, 1985.

William M. Frye of Erb, O'Donohoe & Frye, Charles City, for appellants.

Alfred A. Beardmore, Charles City, for appellees.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER and WOLLE, JJ.

HARRIS, Justice.

This appeal presents a straightforward damages question. What is the proper measure of damages for the wrongful destruction of walnut trees? The trial court, rejecting plaintiffs' claim for their future productive value, fixed the award on the basis of their current market value as lumber. We affirm.

In 1983 defendants contracted to sell a farm in Floyd County to plaintiffs. Possession was to pass on March 1, 1984. Although no timber rights were reserved to the sellers, they cut down and removed about one hundred walnut trees from the tract during August and September 1983. This suit followed. There is no question of liability; at trial defendants offered to confess judgment for $1,000. The offer was refused.

Plaintiffs conceded the trees were timber or forest. They were not a part of any windbreak or used for any ornamental purposes. The trees had stood at two sites on the farm, one a low-level area near a stream and the other in a permanent pasture. Both sites had been timbered, that is, other trees had been removed from the area some five years previously. According to plaintiffs' expert witness, the prior removal of the other trees is significant because it indicates the one hundred trees in question were smaller, presumably inferior for marketing purposes.

Plaintiffs' expert made a strong showing that it was not a practical marketing time for the trees in question. At an age of twenty years they would not mature so as to reach their reasonable marketing potential for another twenty years. Plaintiffs' damage estimate was computed by taking the current market price, considering the size and quality of trees twenty years hence, then discounting the figure appropriately to reach the present value.

On these facts, especially the showing of the inappropriateness of cutting the trees at their stage of semi-maturity, there is at first blush an attractiveness in plaintiffs' contention that a routine allowance of only log value is inadequate. On the other hand their suggested recovery does not conform with any recognized measure of damages for loss of trees.

I. It is impossible to state a simple, all-purpose measure of recovery for loss of trees. Because of the wide variety in their uses the law has devised a number of alternative measures, to be applied according to the location and use of the loss of trees. *See generally* Petersen, *Arboreal Law In Iowa,* 44 Iowa L.Rev. 680, 688–92 (1959); Annot., 90 A.L.R.3d 800 (1979); 25 C.J.S. *Damages* § 85(c) (1966); 22 Am.Jur.2d *Damages* §§ 143, 326 (1965). These authorities and our own cases provide rather standard recoveries.

Where the trees were put to a special purpose, such as for windbreaks, shade or ornamental use, the measure is usually the difference in value of the realty before and after the destruction of the trees. *Walters v. Iowa Electric Co.,* 203 Iowa 471, 475, 212 N.W. 884, 886 (1927) (loss of grove used as windbreak). Where the trees had no such special use the measure is the commercial market value of the trees at the time of taking. *Grell v. Lumsden,* 206 Iowa 166, 169, 220 N.W. 123, 125 (1928) (ordinary forest trees on hillside). Another measure mentioned in *Grell* applies where the trees can be replaced. It is the reasonable cost of replacement. *See Rector, Wardens, & Vestry of St. Christopher's Episcopal Church v. C.S. McCrossan, Inc.,* 306 Minn. 143, 146, 235 N.W.2d 609, 611 (1975). That measure would obviously be inappropriate here and neither party urges its application. We do not consider fruit trees, which produce a marketable crop. Neither do we consider trees with special aesthetic value.

We have already explained plaintiffs' assertion that the standard measure of damages was inadequate to compensate them for their full loss. It was perhaps to address this criticism that the legislature provided for treble damages in Iowa Code section 658.4 (1985); *see Johnson v. Tyler,* 277 N.W.2d 617, 619 (Iowa 1979); *Clark v. Sherriff,* 247 Iowa 509, 515–16, 74 N.W.2d 569, 573 (1956). In an appropriate case either punitive damages or treble damages can be sought, though not both. *Johnson,* 277 N.W.2d at 619. We find no basis to disturb the measure of recovery allowed by the trial court.

II. We have not overlooked a second assignment which challenged the trial court's award of $1,000 in attorney fees. The award was made pursuant to a provision in the land contract. Plaintiffs believe this was inadequate. We find no error.

AFFIRMED.