Paul D. HOWELL and Ola Howell, Plaintiffs,

v.

RIVER PRODUCTS COMPANY, Appellee,

v.

GARDEN & ASSOCIATES, LTD., Appellant.

No. 85-420.

Supreme Court of Iowa.

Jan. 15, 1986.

Rehearing Denied Feb. 26, 1986.

**920**

Garold F. Heslinga and David D. Dixon, of Heslinga & Heslinga, Oskaloosa, for appellant.

C. Peter Hayek and William D. Werger, of Hayek, Hayek, Hayek & Holland, Iowa City, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves a cross-claim against an engineering firm for indemnity. The controlling facts are largely undisputed; the controversy involves the application of the rules of law to the facts.

Cross-claimant River Products Company mines limestone underground. It had a mine in land adjoining a ten-acre tract owned by plaintiffs Paul D. and Ola Howell. The Howell tract contained about 280,000 tons of minable limestone worth approximately four cents per ton. River Products contracted with Richard Johnson, an engineer, to map its land, so as to avoid encroaching with its mining operations into neighboring land. Johnson's map was faulty, and River Products encroached into the Howell tract and mined about 50,000 tons of limestone there.

At some time in its operations River Products changed engineers and contracted with cross-claim defendant Garden & Associates, Ltd., to make a map for River Products' use in continuing its operations. Garden's map also was faulty, and River Products mined approximately 90,000 additional tons in the Howells' land, for a total of about 140,000 tons.

The mistake in the maps was discovered, and the Howells sued River Products in this action for damages. River Products had no defense, but brought in Garden as a cross-claim defendant and asked indemnification.

In settlement, River Products paid the Howells $25,250. As part of the settlement the Howells conveyed the ten-acre tract to River Products. The tract was worth about $7500 exclusive of minerals. River Products and Garden stipulated at trial that the settlement was reasonable:

Mr. Heslinga (Garden's attorney): I want to state for the record—excuse me for interrupting. We have no contention that the settlement was unreasonable. You don't need to spend inappropriate time on that.

Mr. Hayek (River Products' attorney): No, sir. Your Honor, that would be very helpful. If there is no question that the settlement was a reasonable settlement, under the circumstances, then, I don't have to get into the various offers and counter-offers that were made to settle.

The Court: Very well, gentlemen, then the record will show that by way of stipulation and agreement of the parties, the settlement which was reached by River Products Company with Paul D. Howell was a reasonable one.

Mr. Heslinga: Under all the circumstances.

The Court: Under all the circumstances.

Mr. Hayek: Thank you. This will shorten things.

The parties tried the indemnity case to the court. While Garden denied liability, the principal dispute related to the method of measuring the indemnity Garden had to make. In its decision the court quoted *Grell v. Lumsden*, 206 Iowa 166, 169, 220 N.W. 123, 125 (1928):

> If the thing destroyed or removed from real property, although a part thereof, has a value which can be measured or ascertained without reference to the soil on which it stands, the recovery is the value of the thing thus destroyed or removed, and not the difference in the value of the land.

The court then stated, "This appears to the Court to be the correct measure of damages," and awarded River Products $7762 of Garden. Garden appealed, and River Products cross appealed. We consider the cross-appeal first, and then the appeal.

River Products asserts in this court that the trial court applied an incorrect measure of indemnity while Garden asserts that if indemnity is recoverable the court should have applied comparative fault in computing the amount. The parties also argue a question of whether the trial court made a mathematical error in computing indemnity, but in view of our disposition of the appeal we need not address this issue.

I. *Measure of amount of indemnity.* In adopting the measure of damages from *Grell*, we think the trial court used the measure which would apply as between the Howells and River Products, but not the correct measure as between River Products and Garden. On this branch of the case two problems appear: the proper measure of indemnity, and the effect of the successive mistakes of Johnson and of Garden. We will first approach the subject as though Garden had been the only engineer involved in the mistakes.

■ A. The right of indemnity is essentially equitable in nature:

> Although it has been said that the right to indemnity springs from a contract, express or implied, the modern cases note that contract furnishes too narrow a basis, and that principles of equity furnish a more satisfactory basis for indemnity. Thus, a right of indemnity has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. The rule proposed in the Restatement of Restitution makes no specific reference to contract and appears to be based on principles of equity; it provides that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor (indemnitee) is barred by the wrongful nature of his conduct.

41 Am.Jur.2d *Indemnity* § 2, at 688 (1968).

In furtherance of this policy underlying indemnity, the measure of relief is stated thus:

> An implied contract of indemnity in favor of one who is legally liable for the negligence of another covers loss or damage only, and not mere liability, and as a general rule the measure of the liability over of the person who is primarily liable for the loss or injuries is the actual amount the person, who is secondarily liable, has been compelled to pay as a natural consequence of the former's negligence or other wrong. Thus, if one legally liable for an injury effects a settlement by the payment of less than what might reasonably be required to compensate for the injury, he can recover from the party primarily liable only the amount actually paid. So, also, where a person, at the instance and request of another, commits a trespass on the lands of a third person, supposed by him at the time to be lawful, the damages which he may recover against his principal are those which he is compelled to pay.

42 C.J.S. *Indemnity* § 24, at 602 (1944). *See also* Restatement, Restitution § 80(a) (1937) (indemnitee recovers "net outlay"); 41 Am.Jur.2d *Indemnity* § 35, at 725 (1968).

■ Under these principles the indemnification in this case consists of $25,250 River Products paid the Howells, less the sum of (a) $7500 for the land conveyed by the Howells to River Products, (b) $5600 for 140,000 tons of rock River Products mined and received from the Howells' land, and (c) $5600 for 140,000 additional minable tons remaining to be mined in the Howells' land, or a difference of $6550. This is the amount River Products is actually out of pocket in buying its peace from the Howells' lawsuit, and constitutes River Products' "net outlay."

B. We now introduce the complication of the successive engineering mistakes. From whom is River Products entitled to recover $6550? River Products mined approximately 140,000 tons in the Howells' land. Of this, about one-third was mined in consequence of Johnson's error and two-thirds in consequence of Garden's error.

■ This is not a case in which two tortfeasors cause an injury at about the same time, such as a pileup of automobiles. In this case Johnson and Garden acted independently and at different times. As found by the trial court, the extent of the trespass separately caused by each of them is measurable in tons of limestone. The case comes within the rule of successive injuries: "The damages may be conveniently several in point of time. If two defendants, independently operating at the same plant, pollute a stream over successive periods, it is clear that each has caused separate damage, limited in time, and that neither has any responsibility for the loss caused by the other." W. Prosser, *Law of Torts* § 52, at 320 (4th ed. 1971). As similarly stated in Restatement (Second) of Torts § 881 (1979):

> If two or more persons, acting independently, tortiously cause distinct harms or a single harm for which there is a reasonable basis for division according to the contribution of each, each is subject to liability only for the portion of the total harm that he has himself caused.

As indemnity is an equitable doctrine, and as two-thirds of the trespass resulted from Garden's mistake, Garden should indemnify River Products for two-thirds of the amount of $6550, or $4367.

■ II. Garden argues that River Products was partially responsible for the boundary mistake, and that "comparative fault" should be injected into the grant of indemnity, citing, inter alia, *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978). We find no necessity to examine the legal question of the applicability of comparative fault to indemnity cases, as the evidence does not support Garden's contention. The evidence establishes beyond question that River Products contracted with and paid Johnson and Garden for the very purpose of locating the correct line and avoiding the very kind of trouble that occurred. Garden is in the position of trying to unload part of its own responsibility under the contract onto River Products' shoulders.

We return the case to district court for entry of judgment for River Products and against Garden for $4367 together with interest and costs.

REVERSED AND REMANDED WITH INSTRUCTIONS.