Daniel DREW, Appellant,

v.

Paul H. LIONBERGER, Appellee,

and

Gordon Norton, d/b/a Norton Lumber Company, Defendant.

No. 92–748.

Court of Appeals of Iowa.

Sept. 2, 1993.

Raymond P. Drew of Drew Law Firm, Hampton, for appellant.

Marion L. Beatty and Donald H. Gloe of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Judge.

The plaintiff, Daniel Drew, brought this action seeking damages against the defendants for the wrongful cutting and logging of trees located on Drew's land. The defendants cross-claimed against each other for indemnity and then filed a joint motion to confess judgment in the amount of $2,000. Drew rejected the motion. Following a bench trial, the district court determined the defendants were jointly and severally liable for the market value of the lumber produced from the trees in the amount of $1,472.62. The court also ordered codefendant Lionberger to indemnify codefendant Norton for any sums Norton paid to the plaintiff.

Costs were initially taxed to Lionberger. However, Lionberger filed a motion to retax costs to Drew on the ground that the defendants had offered to confess judgment. The district court granted the motion, and Drew filed a motion to reconsider; the court did not respond. Thereafter, Drew filed an application with the supreme court to certify an appeal pursuant to Iowa Rule of Appellate Procedure 3, which was granted.

Drew now appeals claiming the court erred by: (1) utilizing the market value of the lumber produced from the trees to measure damages; (2) misapplying Iowa Code section 658.4 (1991) by not awarding treble damages for the willful cutting of the trees; (3) failing to find that codefendant Norton trespassed on appellant's land and wrongfully logged trees; and (4) taxing all of the court costs to the plaintiff.

Drew is the owner of land that is surrounded by land owned by codefendant Lionberger. Codefendant Norton (d/b/a Norton Lumber Company) is in the logging business. In the fall of 1989 Lionberger contracted with Norton to log some trees from his land. Lionberger aided Norton in determining the boundaries of his land, but Lionberger never contacted Drew about the proper boundaries between the respective properties. As the result of improperly marked boundaries, Norton logged twenty-eight trees from Drew's land. The trees were mature, some of them being as old as 150 years.

During trial, Drew produced evidence indicating he and his family used the land for hunting and hiking. Drew also produced the testimony of an arborist who testified the trees were worth $17,053. The defendants

also produced an expert who valued the trees at between $535 and $1,500. The defendant's expert based these figures upon the market value of the lumber cut from the trees. He also opined that the removal of the trees did not have a detrimental effect upon wildlife.

After trial, Drew filed a motion to enlarge the findings of fact to include a reference to whether any weight was afforded his expert witness. The court filed an enlargement and stated that Drew's expert was not given any credibility. Drew appeals; we affirm the district court's conclusion that the current market value of the lumber produced from the trees is the correct measure of damages and affirm the court's determination of the market value of the lumber. We reverse the district court's conclusion that treble damages are not warranted and reverse the court's order assessing all court costs against the plaintiff.

■ Our scope of review in this case tried at law is for the correction of errors at law. Iowa R.App.P. 4. The district court's findings of fact have the effect of a jury verdict and are binding on us if supported by substantial evidence. *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988). Evidence is substantial when a reasonable mind would accept the evidence as adequate to reach the same findings. *Id.*

Drew first contends the district court erred in concluding the current market value of the trees as lumber is the correct measure of damages for logging another's trees. In *Laube v. Thomas,* 376 N.W.2d 108 (Iowa 1985), the court reviewed the alternative measures of recovery for loss of trees, stating:

It is impossible to state a simple all-purpose measure of recovery for loss of trees. Because of the wide variety in their uses the law has devised a number of alternative measures, to be applied according to the location and use of the loss of trees. [Citations omitted.]
Where the trees were put to a special purpose, such as for windbreaks, shade or ornamental use, the measure is usually the difference in value of the realty before and after the destruction of the trees. *Walters v. Iowa Electric Co.,* 203 Iowa 471, 475, 212

N.W. 884, 886 (1927) (loss of grove used as windbreak). *Where the trees had no such special use the measure is the commercial market value of the trees at the time of taking.* [Emphasis added.] *Grell v. Lumsden,* 206 Iowa 166, 169, 220 N.W. 123, 125 (1928) (ordinary forest trees on hillside). Another measure mentioned in *Grell* applies where the trees can be replaced. It is the reasonable cost of replacement. [Citation omitted.]

*Laube,* 376 N.W.2d at 109.

In *Laube,* the court held that the current market value as lumber was the proper measure of damages for the wrongful destruction of walnut trees, which the plaintiff conceded were timber or forest which were not put to a special purpose.

In *Bangert v. Osceola County,* 456 N.W.2d 183, 189 (Iowa 1990), the court succinctly stated the rule, citing *Laube,* that "[c]ommercial market value as damages is appropriate when the trees have no special use and their only worth to the owner is their value as wood products." *Id.* at 190. The court found the plaintiffs had allowed the trees to stand for special purposes other than for commercial use and concluded "plaintiff's damages may be greater ... than their commercial loss." *Id.*

■ Judging from the district court's conclusion of law in the current case that "the current market value as lumber is the proper measure of damages[,]" we conclude the district court apparently determined that plaintiff's trees had no special use and were only worth their value as wood products to the owner. In light of the supreme court's holding in *Grell* that ordinary forest trees do not have a special use and that the proper measure of damages is accordingly the commercial market value of the trees at the time of taking, we find the district court's determination to be correct as a matter of current law. As a result, we adopt the district court's finding that Drew is entitled to the market value of the trees, $1,472.62.

Next, Drew contends the district court erred in its application of Iowa Code section

658.4 by not awarding treble damages to Drew. This section provides:

> For willfully injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or city lot, or on the public grounds of any city, or any land held by the state for any purpose whatever, the perpetrator shall pay treble damages at the suit of any person entitled to protect or enjoy the property.

Having reviewed the record, we do not find substantial evidence to support the district court's conclusion that the defendants' actions were not willful. In *Clark v. Sherriff*, 247 Iowa 509, 74 N.W.2d 569 (1956), the plaintiff brought an action to recover treble damages under section 658.4 for the wrongful cutting and conversion of timber. The court found sufficient evidence to impose treble damages after discussing the nature of the "willfully" requirement:

> It must be apparent we are dealing with a word of elastic use in ordinary conversation, and of legal meaning not always too well defined. These trees were cut and removed under conditions that may be said to indicate something more than mere carelessness or recklessness. Of course there was no personal malice against the owner. But there was a loose disregard for the rights of others.... Certainly there was something more than mere inadvertence.

*Id.* 74 N.W.2d at 573.

■ In the present case, Drew's trees were likewise removed under conditions constituting more than mere carelessness or recklessness. The defendants clearly had a loose disregard for the rights of Drew. Lionberger and Norton, on their own, measured and marked what they thought was the Drew property. Because no boundary markers existed at the time the measurements were taken, the codefendants knew a question existed as to the boundaries of Drew's property. Despite this fact, the defendants never contacted any of the Drews to determine whether or not the boundaries they measured were acceptable to Drew. Furthermore, neither defendant communicated their intentions to cut trees from the area in question to Drew or any member of his family prior to the commencement of logging the trees.

This failure to contact Drew or to obtain Drew's input as to the existing boundaries before logging the trees is clearly intentional. This conclusion is further supported by the fact that the defendants did their own measuring and then proceeded to cut the biggest and oldest trees from the area in question. Because we find the cutting of Drew's trees to be willful in accordance with section 658.4, we conclude Drew is entitled to treble damages under the statute. Specifically, Drew is entitled to three times the market value of the trees, as determined by the district court, which is equal to $4,417.86 ($1,472.62 × 3 = $4,417.86).

Finally, Drew contends the trial court erred in assessing all court costs against him. Initially, Drew correctly contends a plaintiff who fails to recover more than a defendant's offer to confess a judgment is only required to pay those court costs which are incurred after the time of the offer. *See* Iowa Code section 677.10 (1991); *Weaver Const. Co. v. Heitland*, 348 N.W.2d 230 (Iowa 1984). Consequently, Drew argues he should have been assessed only those trial court costs incurred after the defendants' offer to confess judgment was made.

■ However, as discussed above, Drew has not "fail[ed] to obtain judgment for more than was offered by the defendant[s]" in accordance with section 677.10. We have awarded Drew a total of $5,890.48 against both defendants jointly and severally. Since this award exceeds the defendants' $2,000 confession of judgment, section 677.10 no longer dictates our assessment of costs in this case. As a result, we order the defendants to pay the costs of the trial below as well as the costs of this appeal. The parties shall pay their own attorney fees.

**AFFIRMED IN PART; REVERSED IN PART.**

HABHAB, J., concurs.

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge. (concurring in part and dissenting in part)

I concur in part and dissent in part. I would affirm.