**Hayes JOHNSON and Marjorie Johnson, Appellants,**

v.

**Henry E. TYLER and Genco Distributors, Inc., Appellees.**

No. 60295.

Supreme Court of Iowa.

April 25, 1979.

Rehearing Denied May 24, 1979.

John R. Hearn, of Payton & Hearn, P. C., Des Moines, for appellants.

Phil Watson, of Watson & Swanson, P. C., Des Moines, for appellees.

LeGRAND, Justice.

This is an action brought under § 658.4, The Code, 1975, for damages resulting from the deliberate and willful removal by defendants of a number of trees and shrubs from plaintiffs' property. Trial to a jury resulted in a verdict for plaintiffs in the amount of $8,750.00. The trial court remitted the judgment to $6,300.00, on condition defendants should have a new trial if the remittitur was not accepted. When plaintiffs refused the reduced judgment, the trial court ordered a new trial. Plaintiffs appealed, and defendants filed a cross-appeal on grounds discussed later. We affirm on both appeals.

Plaintiffs bought their home in 1952. They planted trees and shrubs about the premises, particularly along the west line of their property. Genco Distributors, Inc., one of the defendants, bought the property adjoining plaintiffs' to the west, intending to construct a building there. Genco's president, Henry E. Tyler, asked plaintiffs for permission to remove the trees and shrubs along the west boundary in preparing for the construction work. Plaintiffs refused. Acting through defendant Tyler, Genco nevertheless instructed the contractor to bulldoze the trees and shrubs from along the lot line. Eventually that action led to this litigation.

I. Plaintiffs' petition asked treble damages under § 658.4, The Code, and also claimed punitive damages for defendants' "reckless, wanton, willful, and malicious" conduct.

The paramount issue throughout this case is the question whether plaintiffs can have both treble damages *and* punitive damages. We treat this matter first, as it is dispositive of the main appeal.

Section 658.4 provides as follows:

For willfully injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or town lot, or on the public grounds of any city or town, or any land held by the state for any purpose whatever, the perpetrator shall pay treble damages at the suit of any person entitled to protect or enjoy the property.

The jury verdict for plaintiffs fixed the value of the destroyed trees and shrubs at $1,400.00, allowed other damages in the amount of $2,100.00, and assessed punitive damages at $5,250.00. In entering judgment, the trial court trebled the award for physical damage to the trees ($1,400.00), awarded $2,100.00 for other damage, and set aside the verdict for punitive damages.

The trial court held, and we agree, that plaintiffs should not have both treble damages under § 658.4 and punitive damages. The case should not have been submitted in that fashion. By bringing the action under the treble damage statute, plaintiffs chose the remedy afforded by that statute, which is itself punitive. *Werner v. Flies,* 91 Iowa 146, 148, 59 N.W. 18, 19 (1894); 3 *Sutherland Statutory Construction* (C. Sands 4th ed. 1973), § 59.02; 22 Am.Jur.2d *Damages* § 268 (1965).

Plaintiffs argue that § 658.4 does not abrogate their right to punitive damages and that it merely provides them an additional statutory remedy. It is true they could have brought a common law action for trespass instead of suing under § 658.4. In that case punitive damages would have

been recoverable at the jury's option. However, it by no means follows plaintiffs may have punitive damages under the statute *and* punitive damages under common law. Such a rule would violate the basic prohibition against double recovery. *Team Central, Inc. v. Teamco, Inc.,* 271 N.W.2d 914, 925 (Iowa 1978) and authorities there cited.

Under the circumstances, it was error to submit the issue of punitive damages to the jury. *See John Mohr & Sons, Inc. v. Jahnke,* 55 Wis.2d 402, 198 N.W.2d 363, 367 (1972). The trial court belatedly realized this after trial and attempted to correct the verdict by granting a remittitur and a conditional new trial. Plaintiffs refused to take the reduced award. Consequently the order for new trial was proper, and we affirm it.

■ II. We must still dispose of several defendants' cross-appeal issues because of the probability of a new trial.

Defendants insist they were entitled to a directed verdict because the evidence did not support any award in excess of $1,400.00. Even if we accept this version of the evidence, defendants could not have directed verdict because they concede the evidence supported a plaintiffs' verdict in some amount. Under such circumstances, defendants' remedy was to move that the other issues be withdrawn from the jury. This ground of the cross-appeal is baseless.

■ III. On retrial one issue certain to arise is the extent to which treble damages are assessable. Plaintiffs claimed damage for loss of enjoyment resulting from destruction of the trees and shrubs. The trial court refused to allow treble damages for any loss above the actual value of the trees destroyed.

The statute allows treble damages for loss resulting from willfully injuring any timber, trees, or shrubs. It does not limit recovery to damage to the timber, trees, or shrubs themselves. Loss of enjoyment resulting from such conduct is an element of damage. If properly proved, this item, too, comes within the treble damage provision

of § 658.4. The jury should be instructed on the measure of damages to be applied in ascertaining a plaintiff's loss as set out in *Grell v. Lumsden,* 206 Iowa 166, 169–71, 220 N.W. 123, 125 (1928). Plaintiff is entitled to have the entire verdict returned under such an instruction trebled. This rule should be applied on retrial of the case. Incidentally, it will be unnecessary then to submit special interrogatories on damages, as was done at the first trial.

■ IV. The last issue concerns interest. The trial court allowed interest from the date of the trespass. Defendants argue it is allowable only from the date the judgment was entered. *Blair v. Sioux City & P. Ry. Co.,* 109 Iowa 369, 385, 80 N.W. 673, 678 (1899). That case holds that penal statutes like § 658.4 fix the maximum amount to be recovered. In applying such statutes, courts should not add interest prior to the date of judgment. *Raynoier, Inc. v. Polson,* 400 F.2d 909, 921–22 (9th Cir. 1968); 22 Am.Jur.2d *Damages* § 267 (1965). Plaintiffs concede this to be the law but urge us to overrule *Blair* and permit interest from the day the wrong was committed. We decline to do so.

V. Neither plaintiffs nor defendants appear anxious to try this case again. Each invites us to arrive at some compromise result which would bring it to an end. We are not indifferent to those suggestions, but we see no way of doing so. Perhaps what we have said about damages will afford some basis for settlement.

AFFIRMED ON BOTH APPEALS.