Cisco **NEELEY**, Movant,

v.

**COMMONWEALTH of Kentucky,**
**Respondent.**

Supreme Court of Kentucky.

Nov. 20, 1979.

Lowell E. Spencer, Paintsville, for movant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for respondent.

STERNBERG, Justice.

On May 4, 1977, the Grand Jury of Floyd County, Kentucky, returned an indictment against movant charging him with the offense of manslaughter in the second degree, a Class C felony (KRS 507.040). A jury found movant guilty as charged and fixed his punishment at imprisonment for a period of eight years. The Court of Appeals of Kentucky affirmed the trial court insofar as movant's having been proven guilty; however, it reversed the trial court on the length of the sentence which was imposed. On May 15, 1979, this court granted review.

On February 2, 1977, at about 8:00 p. m., an automobile being operated by Mrs. Loletta Howard had a head-on collision with one being operated by movant. Both drivers sustained multiple injuries; movant recovered, Mrs. Howard did not. Four witnesses for the Commonwealth testified that movant was driving his car at a highly excessive rate of speed and was on the wrong side of the highway at the time of the collision. Witnesses for the movant, on the other hand, testified that he was not speeding and that the collision was caused by the Howard car being operated on the wrong side of the highway. The Commonwealth took the deposition of Dr. Byron Young, who testified that at the time of the collision Mrs. Howard was pregnant and thereafter lost her baby. Over the objection of counsel for movant, the trial judge permitted the testimony of the doctor as to the single fact of pregnancy to be considered by the jury; however, the court did not let the doctor's testimony as to the loss of the baby be considered by the jury. On motion of movant's counsel, the court admonished the jury not to consider the question about the loss of the baby nor to consider the answer thereto. No relief other than an admonition was sought. This, he received.

■ There was a sharp issue drawn as to the cause of the collision. The physical strength of the parties to avoid the collision would be admissible to show the capacity to respond in an emergency. The absence of a foot, a leg, a hand, or an arm could properly be shown where the absence of such would affect a person's ability to so act. Corporal appearance and condition as indications of inward health or lack of it are relevant. The physical strength of a person may be of probative value to show that he was capable or incapable of acting. Mrs. Howard's pregnancy may well have affected her ability to avoid the collision. Although evidence of the physical condition of Mrs. Howard would be competent if it would be tied into the causation of the collision, the fact is that it was not. The testimony in this case

relating to pregnancy, not having been tied into the causation of the collision, constituted error. The bifurcated proceeding ordered by the Court of Appeals is predicated on that court's assumption that the error manifested itself only in the area of sentencing. This court having read and considered the whole record is not so persuaded. The error is of such proportions that the jury could have been prejudiced either in the consideration of movant's guilt or in the length of the sentence or both. We are not willing to second guess the jury. It should be permitted to consider the question of guilt and the length of the sentence at the same time.

■ Shortly after the collision Patrolman Denny Stumbo, of the Kentucky State Police, arrived on the scene and commenced his investigation. He found both of the cars substantially on the same side of the road. The Howard car was partially in the ditch and partially on the highway. The Neeley car was astride the center line of the highway, splitting the car down the center. The copy of the patrolman's accident report depicted the positions of the cars and was admitted into evidence without objection. Trooper Stumbo also offered a copy of a Kentucky Department of Highways map, with markings made by the witness, which depicted the location of the fixed objects. Counsel for movant objected to the use of this map, charging that it was inaccurate and would only confuse the jury. In this day and time we have found that jurors are not easily confused. We have examined the map and find that it sets out the location of the descriptive objects with particularity, and from the measurements made by the witness, the map adequately locates the descriptive objects. Its clarity or confusing effect was for the jury. The trial court did not err in admitting this map into evidence.

■ Jackie Lynn Howard, who was the husband of the deceased, was called to testify as a witness for the Commonwealth.

Counsel for movant charges that the calling of this witness was to arouse sympathy, prejudice and the emotion of the jury. A spouse as such is not to be treated any differently than any other witness. We have read the testimony of this witness, considered the substance of his testimony, and find the alleged error to be without merit.

 Further, movant claims prejudice because Trooper Stumbo, after having been interrogated at length, was asked by the Commonwealth's Attorney if there was anything else about the case or about the collision that he thought the court and the jury should know but had not been told. Counsel for movant objected to the nature of the question. The court overruled the objection and permitted the witness to answer. He answered that the only other thing that he could think of was that movant's car was on the wrong side of the road. Movant's counsel asked the trial court to admonish the jury. The court sustained this objection and did admonish the jury not to consider the answer. Thus, movant received all that he sought. He cannot now seek more.

Counsel for movant further complains that Trooper Stumbo was asked and permitted to answer as to whether movant had been drinking. His response was, "Yes, sir, there was the smell of alcoholic beverages on his person." The trial court overruled an objection and motion to strike. Movant was indicted for manslaughter in the second degree, which requires that he wantonly caused the death of Mrs. Howard. Wanton conduct includes the element of voluntary intoxication. Movant himself testified in response to a question from his own attorney that on the occasion he was not drinking, but had a full case of beer on the back seat of his car. He also stated that some of the beer broke. One of movant's witnesses testified, in response to a question by counsel for movant, that movant had not drunk any beer on the occasion. The trial court did not err in permitting this evidence to go to the jury.

The decision of the Court of Appeals is affirmed in part and reversed in part. The cause is remanded to the Floyd Circuit Court for a new trial.

All concur.