
**Jerry Lindsay JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

July 1, 1983.

Rehearing Denied Jan. 13, 1984.

Mott V. Plummer, Newport, for appellant.

Steven L. Beshear, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., COOPER and McDONALD, JJ.

McDONALD, Judge:

The appellant was convicted of four counts of second-degree forgery, and his punishment was fixed by the jury at two years to serve in the penitentiary on each count, consecutively.

Each victim testified that he gave no permission to anyone to sign his name to the checks involved. The appellant was the night manager of Clyde's Super Value Market where all of the checks were cashed; however, it was also brought out that six or seven other employees had access to the checks as did the appellant.

A state police crime lab expert testified that the written signature on the forged checks was that of the appellant. The appellant testified and maintained that he had no knowledge of the crimes.

The most serious claim of error made in this case is that the trial court erred when it instructed the jury on second-degree forgery and refused to give an instruction on third-degree forgery, which the appellant contends is a lesser but included offense.

K.R.S. 516.030, Forgery in the second degree, is a Class D felony. The statute provides:

(1) A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be or which is calculated to become or to represent when completed:

(a) a deed, will, codicil, contract, assignment, *commercial instrument,* credit card or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; or .... [Emphasis ours.]

It is contended that forgery in the third degree is a lesser but included crime of the second degree offense. K.R.S. 516.040, Forgery in the third degree (a Class A misdemeanor), reads as follows:

(1) A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument.

Undoubtedly, "checks" fall within K.R.S. 516.030 under the designation of "commercial instrument." But the appellant's point is that "checks" also fall within the meaning of "written instrument" under K.R.S. 516.040. Therefore, he argues he was entitled to the additional instruction of forgery in the third degree as he requested of the trial court inasmuch as it was a lesser but included offense.

We reject the appellant's argument and agree with the trial court and with the official commentary (1974) to the statute, which states:

KRS 516.030 prohibits the forgery of .... In short, this subsection encompasses all symbols of commerce.

\* \* \* \* \* \*

KRS 516.040 defines the basic offense and embraces every forgery but is primarily applicable to those acts not constituting first or second degree forgery. Examples of "written instruments" which would fall within this degree are private records, accounts and letters, diaries, diplomas, theater tickets, bus tokens and transfers, prescriptions, and identification and membership cards.

While most forgeries will fall within the first or second degree sections, the third degree offense provides a valuable vehicle for lesser pleas and convictions in appropriate cases. The offense is designated as a Class A misdemeanor because the harm done is slight and because this grading permits misdemeanor disposition of forgery charges.

■ Consistent with the Commentary, we conclude that it was not the intent of the legislature to make the forgery of a check a misdemeanor. The harm done is not slight. So forgery in the third degree is not a lesser but included offense of forgery in the second degree, but it is a distinct and separate offense which generates less harm to the victim and is penalized accordingly.

■ We support the trial judge in his determination that the instruction on third degree forgery was unwarranted.

■ Lastly, the appellant claims the trial court erred by abusing its discretion in failing to declare a mistrial.

The record reveals, and it is undisputed, that the sheriff who participated in the investigation of this case talked with a juror after the trial had commenced. The record shows that the conversation was "innocent," although it may be argued that innocent or not, there was a technical violation of K.R.S. 29A.310(2).

Here again we must rely upon the good sense of the trial court in not declaring a mistrial unless a matter of substance is involved. The trial court did not declare a mistrial, and our review of the record does not show any abuse of discretion in this regard.

The judgment of the trial court is affirmed.

All concur.