Dennie C. KING, Appellant,

v.

Dominic M. GRECCO, Dolores D. Grecco and Jerry L. Foster, Appellees.

No. 2001–CA–001985–MR.

Court of Appeals of Kentucky.

Sept. 20, 2002.

Discretionary Review Denied by Supreme Court Aug. 13, 2003.

Robert L. Bertram, Bertram & Wilson, Jamestown, KY, for Appellant.

Jerry L. Foster, Liberty, KY, for Appellee.

Before BUCKINGHAM, HUDDLESTON and JOHNSON, Judges.

## OPINION

HUDDLESTON, Judge.

Dennie King appeals from a judgment entered upon a jury verdict finding him liable to Dominic and Dolores Grecco for damages arising from the cutting and removal of trees from property King had previously sold to the Greccos. We are asked to address the following questions:

- Did the circuit court err in assessing punitive damages against King, having already awarded statutory treble damages under Kentucky Revised Statutes (KRS) 364.130?

- Should the circuit court have instructed the jury regarding the trebling of damages under KRS 364.130, rather than instructing it simply to find actual damages and then trebling the award?

- Should the circuit court have submitted the issue of attorney's fees to the jury?

- Even if the court was correct in deciding the issue of attorney's fees, was the amount awarded excessive?

- Did the circuit court improperly interfere with the trial by assisting counsel for the Greccos?

- Was the circuit court's admonition to the jury sufficient to cure any prejudice created by an allegedly improper and inflammatory statement made by counsel for the Greccos?
- Did the circuit court err in admitting into evidence a partial plat of the Greccos' land?
- Did the circuit court err in directing a verdict for the Greccos on the issue of liability?
- Was King entitled to a directed verdict?
- Was the jury's verdict reached as a result of confusion?

### Background

The Greccos purchased several tracts of land from King during the 1990s. In 1993, by land sale contract, and in 1996 by deed, the Greccos purchased a 60.2 acre tract from King. In 1994, the Greccos purchased an adjoining tract of roughly 20.5 acres, also from King. Although King previously had the 20.5 acre tract surveyed in anticipation of subdividing it, the Greccos purchased the entire tract. The Greccos had also purchased from King a house and lot across the street from the 20.5 acre tract, but this parcel had been resold by the Greccos prior to the instant dispute.

After an extended absence from Kentucky, the Greccos returned to their property in January 2000 to find that a significant amount of timber had been cut and removed. The Greccos immediately hired a surveyor to accurately mark the boundary line of their property and to assist a forester in determining the value of their lost timber. Based on the information obtained from their experts, the Greccos brought the instant action, alleging that King caused them to suffer approximately $15,000.00 in damages from lost timber as well as injury to the land itself.

At trial, a jury awarded the Greccos $3,000.00 in damages resulting from lost timber and $3,000.00 in damage to the land itself. This combined $6,000.00 damage figure was trebled by the circuit court as required by KRS 364.130. The jury also assessed $2,000.00 in punitive damages against King. Finally, the circuit court assessed against King the Greccos' costs, composed of $1,370.00 for surveying fees, $375.00 for timber expert services and $6,666.66 for attorney's fees.

### The Circuit Court Erred in Assessing Punitive Damages Against King in Addition to Statutory Treble Damages

KRS 364.130(1) provides that:

Except as provided in subsection (2) of this section, any person who cuts or saws down, or causes to be cut or sawed down with intent to convert to his own use timber growing upon the land of another without legal right or without color of title in himself to the timber or to the land upon which the timber was growing shall pay to the rightful owner of the timber three (3) times the stumpage value of the timber and shall pay to the rightful owner of the property three (3) times the cost of any damages to the property as well as any legal costs incurred by the owner of the timber.

Clearly, the statute provides for treble damages such as were assessed against King in the instant case. What is unclear, however, is whether such treble damages are exclusive of or in addition to punitive damages. While the Commonwealth's appellate courts have not previously addressed the issue,[1] we find guidance from the courts of our sister states.

---

1. *See, e.g.* Palmore, *Kentucky Instructions to Juries*, Sec. 32.02 (4th ed., 2002 supplement).

"Tree pirates"[2] are not a problem unique to Kentucky; indeed, they are a scourge condemned from the bayou to the last frontier.[3] Almost uniformly, the legislative response to this identified problem has been to enact a statute authorizing treble damages as punishment for the wrongful cutting of trees. Therefore, we are presented with ample material on which to base our analysis.

In *Johnson v. Tyler*,[4] the Supreme Court of Iowa was presented with a case in which a trial court awarded statutory treble damages[5] in addition to punitive damages. The court held that "[b]y bringing the action under the treble damage statute, plaintiffs chose the remedy afforded by that statute, which is itself punitive."[6]

> It is true [the plaintiffs] could have brought a common law action for trespass instead of suing under § 658.4. In that case punitive damages would have been recoverable at the jury's option. However, it by no means follows plaintiffs may have punitive damages under the statute *and* punitive damages under common law. Such a rule would violate the basic prohibition against double recovery.[7]

The court concluded that, under the circumstances, it was error to submit the issue of punitive damages to the jury.[8] Rather, the plaintiffs were only entitled to treble damages under the statute, having elected to pursue statutory remedies.

Similarly, the appellate courts of Illinois[9] and Arkansas[10] have held that in cases where one party wrongfully cut another's trees, statutory treble damages and common law punitive damages could not be awarded simultaneously. In contrast, an example of when punitive damages can be awarded in addition to statutory treble damages can be found in the Arizona case of *Rhue v. Dawson*,[11] which affirmed an award of punitive damages in addition to treble damages under the Arizona anti-racketeering statute, which provides that:

> A civil action brought under this section is remedial and does not limit any other civil or criminal action under this article or any other provision. Civil remedies provided under this section are supplemental and not mutually exclusive.[12]

Of crucial importance is the language in the Arizona anti-racketeering statute which provides that its remedies are in addition to any other remedy available un-

---

2. This term was first applied to arboreal rustlers in *Jordan v. Stevens Forestry Services, Inc.*, 430 So.2d 806 (La.App.1983), and is a running theme in the jurisprudence of that state.

3. *See, e.g.*, La.Rev.Stat. Ann. § 56:1478.1 (2000); Alaska Stat. § 09.45.730 (2001).

4. 277 N.W.2d 617 (Ia.1979).

5. Pursuant to Iowa Code § 658.4, which provides:

   For willfully injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or city lot, or on the public grounds of any city, or any land held by the state for any purpose whatever, the perpetrator shall pay treble damages at the

suit of any person entitled to protect or enjoy the property.

6. *Johnson, supra*, n. 4, at 618.

7. *Id.* at 618.

8. *Id.* at 619.

9. *See Harris v. Manor Healthcare Corp.*, 111 Ill.2d 350, 95 Ill.Dec. 510, 489 N.E.2d 1374 (1986); *Marsella v. Shaffer*, 324 Ill.App.3d 134, 257 Ill.Dec. 753, 754 N.E.2d 411 (2001).

10. *See Stoner v. Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979).

11. 173 Ariz. 220, 841 P.2d 215 (1992).

12. Ariz. R. Stat. § 13–2314(M).

der other law. This non-exclusivity language is notably lacking from the tree piracy statutes discussed above.

We agree with the reasoning of our sister states that punitive damages may not be awarded in addition to statutory treble damages for the wrongful cutting of trees. Because the circuit court erred in awarding both types of damages in this case, we vacate that part of the judgment that awarded the Greccos $2,000.00 in punitive damages against King.

*The Circuit Court was Correct in Instructing the Jury to Find Actual Damages Only and in Trebling the Damages as a Matter of Law*

██ Neither party has cited us to—nor has our research uncovered—a Kentucky case which directly answers the question whether statutory treble damages, such as those we have upheld in this case, are to be found by a jury or whether the jury is only to assess the actual damages which the court is then to treble. However, we have been cited to *Rogers v. Kasdan*[13] which states that jury instructions in Kentucky "should not contain an abundance of detail, but should provide only the bare bones of the question for jury determination."[14] From that decision it is apparent that Kentucky is not a jurisdiction which favors instructing the jury at length regarding every subtle nuance of the law which may be relevant to a particular case.

Against this philosophic backdrop, we have found a federal case which accurately describes our approach. In *Pollock & Riley, Inc. v. Pearl Brewing Co.*,[15] the United States Court of Appeals for the Fifth Circuit was called upon to determine whether a jury should be instructed regarding the trebling of damages in a federal antitrust action. In rejecting the notion that the jury should be so instructed, the Court explained that:

The purpose of treble damages is to deter violations and encourage private enforcement of the anti-trust laws.[16] The justifiable fear of anti-trust plaintiffs is that the juries will adjust the damage award downward or find no liability, therefore thwarting Congress's purpose, because of some notions of a windfall to the plaintiff. One court has even suggested that a jury might take the revelation of the treble damage provision as an intimation from the court to restrict the amount of damages.[17] In sum, we agree with the Court of Appeals for the Tenth Circuit[18] that informing a jury would serve no useful function and its probable consequence would be harmful—an impermissible lowering of the amount of damages.

Second, it is not for the jury to determine the amount of a *judgment*. Its function is to compute the amount of *damages*. Congress's authorization in 15 U.S.C.A. § 15 to triple the award of damages is a matter of law to be applied by the district court without interference from the jury. The fact that the awarded amount will be tripled has no relevance in determining the amount a

**13.** Ky., 612 S.W.2d 133 (1981).

**14.** *Id.* at 136. *See also Cox v. Cooper*, Ky., 510 S.W.2d 530, 535 (1974).

**15.** 498 F.2d 1240 (5th Cir.1974).

**16.** *See Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 751–752, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947); Comment, *Private Triple*

*Damage Anti–Trust Suits: Measure of Damages for Destruction of All or Part of a Business,* 80 Harv. L.Rev. 1566, 1566 (1967).

**17.** *Webster Motor Car Co. v. Packard Motor Car Co.*, 135 F.Supp. 4, 11 (D.D.C.1955).

**18.** *Semke v. Enid Automobile Dealers Ass'n,* 456 F.2d 1361 (10th Cir.1972).

plaintiff was injured by the anti-trust violation.[19]

We agree with the Tenth Circuit Court of Appeals that informing the jury that its award will ultimately be trebled is irrelevant to the jury's determination of the amount of damages sustained by the plaintiff. In this case, the jury's function was to determine the damage King inflicted on the Greccos' timber and land. Once that determination was made, it was up to the circuit court to enter judgment for an amount triple the amount of damages assessed by the jury. Therefore, the circuit court correctly declined to inform the jury that any award it made would be trebled.

### The Circuit Court Properly Awarded Attorney's Fees Without Submission to the Jury

■ KRS 364.130(1) mandates that a party who has been found liable to another for a violation of the statute shall be responsible for any legal fees incurred by the person whose timber he cut. The only issues of fact for a jury to decide under that statute are whether one party (here, King) wrongfully cut the timber of another (here, the Greccos), and the damages caused by the wrongful entering upon the other's land and the cutting of his timber. Once those issues have been resolved by the jury, it is for the court to award legal costs to the damaged party, which, under the statute, include a reasonable attorney's fee.[20] Attorney's fees are mandated by the statute's use of the term "shall," as opposed to the permissive "may."[21] Once the jury found that King violated KRS 364.130(1), the court was required as a matter of law to award the Greccos' attorney's fees.

### Award of Attorney's Fees was not Excessive

■ We must next consider whether the award of attorney's fees was excessive. It is well settled that awards of attorney's fees lie "within the sound discretion of the trial court and [the court's] decision will not be disturbed on appeal absent an abuse of discretion."[22] The question then becomes whether the circuit court abused its discretion.

When the Greccos moved for attorney's fees, their counsel provided an itemization of his time and efforts supporting a claim for services valued at over $14,000.00. The circuit court, however, awarded the Greccos' attorney, Jerry L. Foster, a fee of $6,666.66, which represented one-third of the Greccos' gross recovery of $20,000.00.

In doing so, the circuit court did not abuse its discretion. As discussed above, the only requirement is that the court make a reasonable award. A one-third contingency is a commonly accepted arrangement within the legal profession, so its use as a basis for calculating an award in this context is certainly reasonable. However, because we have reduced the Greccos' gross recovery, we vacate the award of attorney's fees so that upon remand, the circuit court may reconsider its fee award in light of the reduced recovery awarded the Greccos. In doing so, however, we do not mandate a particular fee nor

19. *Pollock & Riley, supra,* n. 15, at 1242 (original emphasis; internal footnotes renumbered).

20. *See, e.g., Woodall v. Grange Mutual Casualty Co.,* Ky., 648 S.W.2d 871 (1983); *Dingus v. FADA Service Co., Inc.,* Ky.App., 856 S.W.2d 45 (1993).

21. *Alexander v. S & M Motors, Inc.,* Ky., 28 S.W.3d 303, 305 (2000).

22. *Giacalone v. Giacalone,* Ky.App., 876 S.W.2d 616, 620 (1994), citing *Gentry v. Gentry,* Ky., 798 S.W.2d 928 (1990); *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512 (1975).

a formula for awarding such fees. That matter is best left to the circuit court.

### The Circuit Court Did Not Improperly Interfere With the Trial or Assist Counsel for the Greccos

█ King argues that the circuit court impermissibly assisted counsel for the Greccos, thereby rendering the trial fundamentally unfair. We disagree. The video record of the trial of this case shows it to have been a hotly contested dispute, with counsel for both sides displaying the fullest measure of zeal the court would allow. If anything, the circuit court should be commended for its patience in maintaining order and decorum throughout a proceeding that could easily have degenerated into open hostility. The comments about which King complains were merely attempts by the court to maintain order and further the proceedings, which required the court at times to admonish and/or direct counsel for both parties. We will not interfere with the circuit court's reasonable efforts to maintain order and move the case to a conclusion.

### The Circuit Court Did Not Err in Admonishing the Jury and Refusing to Grant a Mistrial

█ When questioning Steve Littrell, the Greccos' forestry expert, counsel for the Greccos asked Littrell how he could tell how many board feet were in a log that had been stolen. Counsel for King objected to the characterization of timber removal as "stealing," arguing that it was so prejudicial and inflammatory that King was entitled to a mistrial. The circuit court denied the motion for a mistrial,

choosing instead to admonish the jury and direct the Greccos' counsel to proceed without further use of such characterization.

On appeal, King argues that the admonition was insufficient to cure the prejudice created by the inflammatory statement. The Greccos respond by arguing that KRS 364.130 punishes "any person who cuts or saws down ... with intent to convert to his own use timber growing upon the land of another without legal right" and specifically provides that any of its penalties shall be in addition to those found in KRS 514.030. KRS 514.030 prohibits theft by unlawful taking, which occurs when a person "obtains immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto." [23] Therefore, the argument goes, the conduct at issue in this case can properly be described as "stealing."

█ As this court has said:

It is ordinarily presumed that an admonition controls the jury and removes the prejudice which brought about the admonition.[24] A mistrial is appropriate only where the record reveals "a manifest necessity for such an action or an urgent or real necessity." [25] [King], we believe, has not overcome the presumption that the admonition cured any resulting prejudice.... In the absence of evidence to the contrary, we must assume that the admonition achieved the desired effect. A trial court has discretion in deciding whether to declare a mistrial, and its decision should not be disturbed absent an abuse of discre-

23.  KRS 514.030(1)(b).

24.  *Neeley v. Commonwealth*, Ky., 591 S.W.2d 366 (1979); *Carpenter v. Commonwealth*, Ky., 256 S.W.2d 509 (1953).

25.  *Skaggs v. Commonwealth*, Ky., 694 S.W.2d 672 (1985).

tion.[26]

We cannot say that the circuit court abused its discretion or that its admonition failed to correct any prejudice King may have suffered as a result of the characterization of his act in cutting and removing the Greccos' timber as "stealing."

### The Circuit Court Correctly Admitted a Partial Plat of the Greccos' Land

■ The Greccos employed Richard A. Montgomery to prepare a partial plat of their land in order to assist Steve Littrell in assessing the damages resulting from the removal of their timber. This plat was introduced as an exhibit at trial to help demonstrate (in addition to the legal descriptions and full surveys also existing for the Greccos' land) the area on which King encroached when cutting timber.

■ On appeal, King argues that because the plat was incomplete, it should have been excluded under Kentucky Rule of Evidence 403 because its probative value is substantially outweighed by undue prejudice or confusion of the issues or because it was misleading to the jury. We disagree. The plat was created for a limited purpose and was introduced at trial for that same limited purpose; no confusion could have been created in the minds of the jurors because they were also shown the fully detailed evidence regarding the precise boundaries of the parcels of land in question. "It is within the sound discretion of the trial judge to determine whether the probative value of evidence is outweighed by its possible prejudicial effect and to admit or exclude it accordingly."[27] There was no abuse of discretion in admitting the plat.

### The Circuit Court Properly Directed a Verdict for the Greccos on the Issue of Liability and Properly Declined to Direct a Verdict for King

■ Instruction No. 3 submitted to the jury reads as follows:

What sum of money, if any, do you believe from the evidence would fairly and reasonably compensate the Greccos for such of the following compensatory damages [i.e., the value of lost timber and damage to the Grecco property] as you believe from the evidence were sustained by reason of the trespass upon their land and their timber being cut?

By so instructing the jury, the circuit court effectively directed a verdict for the Greccos as to King's liability, leaving only the matter of damages for the jury's determination.

On appeal, King has pointed to his objection to that instruction, but has failed to argue why it was erroneous. The argument made relates to an alleged lack of proof by the Greccos as to the value of their standing timber. We fail to see how that type of valuation testimony relates to a determination of liability.

Furthermore, King did not deny that he trespassed on the Greccos' land and removed timber therefrom. Not only was he not entitled to a directed verdict, but the Greccos were properly so entitled as it related to King's liability. All that remained for the jury to find was the amount of damages resulting from King's wrongful action.

### The Jury's Verdict was not Reached as a Result of Confusion

■ King argues that the jury was presented with no evidence regarding the value of the standing timber removed from

---

**26.** *Jones v. Commonwealth*, Ky.App., 662 S.W.2d 483 (1983).

**27.** *Rake v. Commonwealth*, Ky., 450 S.W.2d 527 (1970).

the Greccos' land so that the award of damages was a product of confusion. We find no merit in this argument.

Steve Littrell testified that based on his examinations of the stumps remaining on the Grecco property, he was able to estimate the size of the trees that had been standing. From there, he was able to calculate the number of board feet of lumber contained in each tree and assess a value based on the species of tree. While this estimate may not perfectly re-create the amount of timber that was standing on the land, it provides a reasonable basis for a calculation of damages.

### Conclusion

Because the circuit court improperly awarded the Greccos statutory treble damages and common law punitive damages for the same conduct, we reverse that portion of the judgment that awards the Greccos punitive damages and remand this case to Casey Circuit Court with instructions to enter judgment for treble the actual damages found by the jury, in addition to costs and attorney's fees. We vacate the award of attorney's fees and remand for reconsideration in light of the reduced recovery afforded the Greccos. Otherwise, the judgment is affirmed.

ALL CONCUR.