NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0795n.06

No. 11-6008

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 23, 2012*

LEONARD GREEN, Clerk


IN RE:  GENERAL BROWN; TONIA R. BROWN,
　　　　Debtors,

_____

JUNE MORRIS; MARTHA MARIE LYNCH,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Appellants,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　ON APPEAL FROM THE UNITED
　　　　　　　　　　　　　　　　　　　　)　　STATES DISTRICT COURT FOR THE
GENERAL BROWN,　　　　　　　　　　　)　　EASTERN DISTRICT OF KENTUCKY
　　　　　　　　　　　　　　　　　　　　)
　　　　Appellee.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)


**Before:  MOORE, WHITE, and LUCERO,*  Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  Appellants June Morris and Martha Marie Lynch

("Morris and Lynch") appeal from the judgment entered by the district court on August 5, 2011,

affirming the bankruptcy court's Order denying Morris and Lynch's motion for summary judgment

and its Memorandum Opinion and Order granting summary judgment in favor of Appellee General

Brown ("Brown").  We **AFFIRM**.

---

*The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth
Circuit, sitting by designation.

# I.

In August 2001, the parties executed a contract whereby Brown purchased from Morris and Lynch the right to cut timber on land that Morris and Lynch claimed to own. Shortly thereafter, Brown began logging the identified property pursuant to the agreement.

In June 2002, Gatliff Coal Company, Inc. ("Gatliff"), filed a lawsuit against Morris, Lynch, and Brown in Knox County Circuit Court, alleging Morris and Lynch had wrongfully removed timber from property owned by Gatliff. Gatliff sought damages for trespass upon its property and for conversion of timber in violation of Kentucky's "tree piracy"[1] statute, Ky. Rev. Stat. § 364.130.[2] Brown filed a pro se answer in which he stated that he "at no time knowingly trespassed upon property of [Gatliff], nor did [Brown] intentionally or knowingly cut or saw down timber or deface the surface of the land of the plaintiff." (Answer, Appellants' Appendix ("Appx.") at 13.)

Morris and Lynch filed a cross-claim against Brown, asserting a right to contribution, indemnification, and a right to recover under the tree piracy statute. Brown filed a pro se answer to the cross-complaint in which he asserted that, prior to removing any timber, he met with Morris and

---

[1] *See King v. Grecco*, 111 S.W.3d 877, 881 (Ky. Ct. App. 2002) (describing tree pirates as a "scourge condemned from the bayou to the last frontier").

[2] Under Ky. Rev. Stat. § 364.130, "any person who cuts or saws down, or causes to be cut or sawed down with intent to convert to his own use timber growing upon the land of another without legal right or without color of title in himself to the timber or to the land upon which the timber was growing shall pay to the rightful owner of the timber three (3) times the stumpage value of the timber and shall pay to the rightful owner of the property three (3) times the cost of any damages to the property as well as any legal costs incurred by the owner of the timber."

an agent of Gatliff, who gave him specific instructions on where to remove timber, and that he removed timber from only those areas.

However, Brown thereafter failed to answer written discovery that had been ordered by the Knox Circuit Court. The court sanctioned Brown, struck his pleadings from the record, and awarded expenses and attorneys fees to Morris and Lynch. (Order, Appx. at 28.) In March 2004, the court entered a default judgment against Brown for Gatliff, finding, *inter alia*, that Brown "trespass[ed] upon the plaintiff's property . . . and intentionally, maliciously, and knowingly cut and sawed down, or caused to be cut and sawed down, with the intent to convert same to his own use, timber growing upon the land of the plaintiff [Gatliff] and . . . defaced the surface of the land of the plaintiff." (Mar. 19, 2004 Default Judgment, Appx. at 31.) In April 2004, the court entered a second default judgment against Brown for Morris and Lynch finding, *inter alia,* that Brown "cut and sawed timber with intent to convert to his own use timber growing upon the land of another" and that Brown's "negligence and liability . . . hereby is established by this court as a matter of law." (Apr. 7, 2004 Default Judgment, Appx. at 35.) The court held that, should Morris and Lynch be found responsible to Gatliff in any way, Morris and Lynch's "negligence, carelessness, or failure to act . . . were secondary and passive to the primary active negligence or other liability of [Brown]," and Morris and Lynch would be "entitled to contribution and complete indemnification" from Brown. (*Id*. at 34–35.)

A week later, the court entered an agreed judgment for Gatliff against Morris and Lynch in the amount of $60,000, which, under the terms of the judgment, was satisfied when Morris and Lynch paid Gatliff $45,000 within thirty days. Then, in August 2004, the court entered another

default judgment against Brown for Morris and Lynch, awarding $52,379.11 with an interest of 12% per annum. (Appx. at 41.) This final default judgment made no further findings of fact or conclusions of law. (*Id.*)

**II.**

Brown filed for Chapter 7 bankruptcy in January 2009 in the United States Bankruptcy Court for the Eastern District of Kentucky. Morris and Lynch filed an adversary complaint, arguing that Brown's debt to Morris and Lynch was nondischargeable under 11 U.S.C. § 523(a)(6) ("§ 523(a)(6)"), which provides that individual debtors may not be discharged from debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." In their motion for summary judgment, Morris and Lynch argued that because the state court default judgments were for "willful and malicious injury" by Brown "to the property of another entity," they were entitled to preclusive effect in the bankruptcy proceeding. The bankruptcy court overruled Morris and Brown's motion, concluding that the state court final judgment did not make "sufficiently detailed findings of fact and conclusions of law" to be given preclusive effect. (Order, Appx. at 57.)

Brown then filed a motion for summary judgment, arguing that even if Morris and Lynch could prove that Brown caused a willful and malicious injury, it was against the property of Gatliff and not against Morris and Lynch, and that injury to a third party is insufficient to support a nondischargeability action under § 523(a)(6). (Brown Mot. for Summ. J., Appx. at 61–65.)

In granting Brown's motion, the bankruptcy court concluded that there was no issue of material fact as to whether Brown caused a willful and malicious injury within the meaning of § 523(a)(6) because Morris and Lynch could not demonstrate that Brown "timbered the Gatliff

property intending to cause injury to [Morris and Lynch] or that [Brown] intentionally cut the timber believing that injury to [Morris and Lynch] would be substantially certain to result." (Bankruptcy Ct. Opinion, Appx. at 141.)

Morris and Lynch appealed to the U.S. District Court for the Eastern District of Kentucky, which affirmed the bankruptcy court's determination. The district court concluded that the state-court judgments were not entitled to preclusive effect because there was no "identity of issues" and because the state-court judgments contained no express findings of fact and conclusions of law and therefore were not final judgments "on the merits." (Order, PID 75–79.) The district court further concluded that the bankruptcy court was correct to grant summary judgment for Brown where Morris and Lynch could not demonstrate that Brown willfully and maliciously caused them injury or that Brown was substantially certain that injury would result. (*Id.* at 79–80.) Morris and Lynch appealed.

## III.

When reviewing appeals that originated in the bankruptcy court, "we directly review the bankruptcy court decision rather than the district court's review of the bankruptcy court's decision." *See In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000). We review the bankruptcy court's legal determinations *de novo*, and its findings of fact for clear error. *See id.* "Because this court's *de novo* review involves only application of legal propositions to the undisputed facts in the record, we may affirm on any grounds supported by the record even if different from the reasons of the district court." *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

Federal Rule of Civil Procedure 56 is applicable in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In considering a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). However, in order to defeat a motion for summary judgment, a nonmoving party must still present some affirmative evidence to support its position—whether by affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "[T]the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

**A. Collateral Estoppel**

Morris and Lynch argue that under the doctrine of collateral estoppel, the judgment of the Knox Circuit Court should be given preclusive effect to establish that Brown's conduct constituted a "willful and malicious injury" under the meaning of § 523(a)(6), such that his debt to Morris and Lynch is nondischargeable.

The doctrine of collateral estoppel applies in bankruptcy proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284 (1991) (A bankruptcy court may properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action). The district court properly noted that:

> [s]tate court judgments may be entitled to preclusive effect in nondischargeability actions, but only if the law of that state would apply collateral estoppel to the judgments. *In re Francis*, 226 B.R. 385, 388 (B.A.P. 6th Cir. 1998). Thus, the Court must look to Kentucky law to determine if collateral estoppel applies in this case.

(Order, PID# 76.) In order for collateral estoppel to apply under Kentucky law, a party must establish "(1) identity of issues; (2) a final decision or judgment on the merits; (3) a necessary issue with the estopped party given a full and fair opportunity to litigate; [and] (4) a prior losing litigant." *Jellinick v. Capitol Indem. Corp.*, 210 S.W.3d 168, 172–73 (Ky. Ct. App. 2006). Here, the parties contest the first three elements.

### 1. Identity of issues

Morris and Lynch argue that the identity of issues requirement is met because:

> [T]he Judgments and claim of Morris and Lynch result from the prior state court litigation of Brown's liability to Morris and Lynch for violation of the 'tree piracy' statute and other wilful acts. . . . Brown's actions were indisputably adjudged by the Knox Circuit Court to have been intentional and to have caused injury to Morris and Lynch and "the property of another entity." 11 U.S.C. § 523(a)(6).

(Morris and Lynch Br. at 9.)

We disagree. Under the tree piracy statute, the state court was required to consider whether Brown acted with an "intent to convert to his own use timber growing upon the land of another." Ky. Rev. Stat. § 364.130. In contrast, the bankruptcy court, in order to find "willful and malicious injury," was required to determine whether Brown "(1) intended to cause injury to the Creditor or to the Creditor's property, or (2) engaged in an intentional act from which [Brown] believed injury would be substantially certain to result." *In re Sweeney*, 264 B.R. 866, 871 (Bankr. W.D. Ky. 2001) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)); *see also*

*Kennedy v. Mustaine (In re Kennedy)*, 249 F.3d 576, 579–80 (6th Cir. 2001); *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) (holding that, with respect to the intent requirement under § 523(a)(6), "[t]he section's word 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury.").

Thus, because the state court found merely an intent to convert timber belonging to Gatliff, rather than an intent to injure Morris and Lynch, Morris and Lynch cannot establish identity of issues. Accordingly, we decline to give the state court default judgments preclusive effect as to the "willful and malicious injury" requirement of the §523(a)(6) discharge exception.[3]

**B. Application of Discharge Exception § 523(a)(6)**

Under § 523(a)(6), debt is nondischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Morris and Lynch, as the party seeking application of the exception, bear the burden of proving its elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

As the district court noted, Morris and Lynch's own argument before the bankruptcy court acknowledged that Brown did not intend to cause them injury, and was instead premised on the foreseeability of an injury:

> Although he did so for his own gain rather than with intent to hurt Morris and Lynch, injury to Morris and Lynch from the loss of their funds was a substantial and foreseeable certainty of his failure to meet any of his contractual, statutory, or, for that matter, common sense, duties, as relates to the subject timber operation.

---

[3]Because we find that the identity of issues requirement is not met, we need not decide whether the state-court judgments constituted final decisions on the merits or whether Brown was given a full opportunity litigate the issue.

(Resp. to Brown's Mot. for Summ. J., Appx. at 72.)  Specifically, Morris and Lynch argued that, because Brown took no steps to acquire insurance as required under the contract, or to either notify Gatliff of the impending cut or obtain an agreement from Gatliff that the trees were not on its property,[4] injury to Morris and Lynch was "a substantial and foreseeable certainty" requiring application of the discharge exception.

We disagree.  Neither Brown's failure to obtain general liability insurance, nor his failure to provide notice to or obtain an agreement from Gatliff, creates a genuine dispute as to whether Brown committed a willful and malicious injury against Morris and Lynch.  At most, Brown's liability with respect to Morris and Lynch is grounded in negligence, which is insufficient to satisfy the intent requirement under § 523(a)(6).  We agree with the bankruptcy court that Morris and Lynch provide no further evidence "that Brown desired, intended, or was substantially certain that [Morris and Lynch] would be subjected to a monetary judgement . . . if he timbered the property." (Bankruptcy Ct. Opinion, Appx. at 139–40.)  Thus, the bankruptcy court did not err in declining to apply the §523(a)(6) exception to discharge and granting Brown's motion for summary judgment.

## IV.

For the foregoing reasons, we agree with the determination of the bankruptcy court and **AFFIRM** the judgment of the district court.

---

[4]Morris and Lynch characterize such agreement and notice as statutory duties under the tree piracy statute.  However, that statute does not require a logger to obtain an agreement or provide notice.  Rather, it provides that, where present, such notice or agreement operates to reduce the amount of damages that can be awarded in the event the logger is found liable under the statute. *See* Ky. Rev. Stat. § 364.130(2)(a)(2).