RENDERED: DECEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0064-MR

KRISTINA MONROY                                    APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 18-CI-01328

ROBERT PENCE                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Kristina Monroy appeals from a jury verdict which

awarded her $1,001.00 for past medical bills. She argues that she was entitled to a

mistrial, and the trial court erred in not granting her one. We find no error and

affirm.

# FACTS AND PROCEDURAL ISSUES

The facts in this case are not in dispute. Appellant was involved in a car accident with Appellee, Robert Pence. Appellant brought suit seeking damages for past medical costs and pain and suffering. A trial date was set for November 4, 2019. On October 31, 2019, Appellee's counsel informed Appellant's counsel that they intended to introduce photographs taken from the Facebook page of Appellant's husband. These photographs showed Appellant in various activities in the weeks and months following the accident.[1]

On November 1, 2019, Appellant filed a motion *in limine* seeking to exclude the photographs. Appellant argued, among other things, that the pictures were untimely. The trial court held that the photographs were not timely produced and granted the motion. The trial court did state that defense counsel could use them for impeachment on cross-examination.

Prior to the cross-examination of Appellant's husband, Appellee's counsel reaffirmed his desire to use the photographs. The trial judge reiterated his holding that counsel could not show the photographs to the jury or hold them up to where the jury could see them. The judge was afraid that if the jury saw the pictures, they would be expecting to receive them into evidence. The judge

---

[1] Those activities included boating, kayaking, hiking, and swimming.

allowed defense counsel to reference the activities in the pictures and the dates of the pictures while questioning Appellant's husband.

During cross-examination of Appellant's husband, defense counsel brought the pictures up to the podium and began his questioning. Counsel began flipping through the pictures while questioning the husband and stated that there were pictures on the husband's Facebook account of the activities. After some questioning, the trial judge asked counsel to approach and indicated the trial would go on a break. After the jury left the room, the judge stated to defense counsel that he was not supposed to be discussing the photographs or even saying the word "photo," but he was doing both. After some back and forth, defense counsel stated that he was almost done with questioning the husband. Appellant's counsel did not ask for an admonishment or a mistrial. The judge then brought the jury back and defense counsel quickly wrapped up his questioning. It is worth noting that Appellant's husband did not deny that Appellant took part in the activities depicted in the pictures.

The morning of November 5, 2019, Appellant's counsel filed a motion for a mistrial. The trial court took it under advisement and allowed the trial to continue. The trial concluded that day, and the jury returned a verdict. The jury awarded Appellant $1,001.00 for past medical expenses and zero dollars for pain and suffering. On December 11, 2019, the trial court entered an order denying

Appellant's motion for a mistrial. The court stated that defense counsel did utilize the photographs in a way that was inconsistent with the court's previous order, but held that it could not find that "any possible prejudice suffered by the Plaintiff was of the character and magnitude that would necessitate a new trial." The trial court also took into consideration that the jury did not ask to see the photographs or question if such photographs existed. This appeal followed.

## ANALYSIS

"A trial court has discretion in deciding whether to declare a mistrial, and its decision should not be disturbed absent an abuse of discretion." *Clay v. Commonwealth*, 867 S.W.2d 200, 204 (Ky. App. 1993) (citing *Jones v. Commonwealth*, 662 S.W.2d 483 (Ky. App. 1983)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

> It is universally agreed that a mistrial is an extreme remedy and should be resorted to only when there is a fundamental defect in the proceedings which will result in a manifest injustice. The occurrence complained of must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way.

*Gould v. Charlton Co., Inc.*, 929 S.W.2d 734, 738 (Ky. 1996) (citations omitted).

We do not believe that the trial court abused its discretion in denying the motion for a mistrial. The trial court's reasoning for denying the motion was fair and reasonable. The jury was not directly shown the photographs and did not ask about them at the conclusion of the evidence. While we agree that defense counsel did violate the court's order regarding the pictures, we conclude that the violation was not a fundamental defect in the proceedings or resulted in manifest injustice.

In addition, Appellant takes issue with the trial court not admonishing the jury on this issue. Appellant did not request an admonition; therefore, this issue is waived. *Hall v. Commonwealth*, 817 S.W.2d 228, 229 (Ky. 1991), *overruled on other grounds by Commonwealth v. Ramsey*, 920 S.W.2d 526 (Ky. 1996).

## CONCLUSION

Based on the foregoing, we affirm. The trial court did not err in declining to grant a mistrial because Appellee's counsel's actions did not result in manifest injustice.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elizabeth L. Acciani
Amanda L. Patton
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Robert B. Cetrulo
Edgewood, Kentucky