RENDERED: DECEMBER 18, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1764-MR

MID SOUTH CAPITAL PARTNERS,
LP                                                                    APPELLANT

|  | APPEAL FROM BOYD CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN F. VINCENT, JUDGE |
|  | ACTION NO. 17-CI-00162 |

BRYAN ADKINS; UNKNOWN
SPOUSE, IF ANY, OF BRYAN
ADKINS; CAPITAL ONE BANK;
AND COMMONWEALTH OF
KENTUCKY, COUNTY OF BOYD                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE:  Mid South Capital Partners, LP ("Mid South") appeals from the

final judgment and order of sale entered on October 25, 2019, by the Boyd Circuit

Court.  Following a careful review of the brief, record, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Mid South purchased two certificates of delinquency ("COD") encumbering the real property of Bryan Adkins for unpaid ad valorem taxes for the 2011 and 2012 tax years. The face value of the COD for the 2011 tax year was $269.76; the face value of the COD for the 2012 tax year was $261.15. After unsuccessful prelitigation debt collection efforts, Mid South filed the underlying complaint. Its litigation efforts culminated in the final judgment and order of sale awarding it certain fees and costs. Although the court granted judgment for the full amounts of the CODs, it did not award all attorney's fees and costs presented. Mid South requested prelitigation attorney's fees of $391.50, litigation attorney's fees of $2,804.12, and litigation costs of $704.79. Finding these amounts to be unreasonable in relation to the amount of the CODs, the trial court only allowed prelitigation attorney's fees of $200.00, litigation attorney's fees of $400.00, and litigation costs of $415.97. This appeal followed.

## STANDARD OF REVIEW

Unless otherwise directed by statute, the amount of an award of attorney's fees is within the trial court's discretion. *King v. Grecco*, 111 S.W.3d 877, 883 (Ky. App. 2002), *superseded by statute on other grounds as stated in Meece v. Feldman Lumber Co.*, 290 S.W.3d 631 (Ky. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable,

unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted). "When a trial court is considering whether to award attorney fees and costs and/or how much to award, the trial court's decision should be guided by the purpose and the intent of providing an award of attorney fees and costs[.]" *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000).

## ATTORNEY'S FEES AND COSTS

On appeal, Mid South argues the trial court abused its discretion by awarding reduced attorney's fees and costs contrary to the legislative intent and mandates of KRS[1] 134.452. This statute clearly distinguishes three types of attorney's fees which may be awarded for collection efforts on a COD. The first type of attorney's fee is a prelitigation fee related to a graduated percentage of the tax bill. KRS 134.452(1)(c)2.a. The second type of attorney's fee concerns prelitigation fees for a third-party purchaser owning more than one COD relating to a single taxpayer and is limited to one-and-a-half times the maximum permitted by KRS 134.452(1)(c)2.a. KRS 134.452(1)(c)2.b. The third type is an award for enforcement or protection of a COD through litigation. KRS 134.452(3). Unlike prelitigation fees, however, the litigation fees are not expressly linked to the amount of the underlying tax bill, and there is no precise formula for determining

---

[1] Kentucky Revised Statutes.

the amount. KRS 134.452(3) only states that the fees must be actual and reasonable.[2] All three types of attorney's fees are at issue in the case herein.

As there is no dispute that Mid South is entitled to an award of attorney's fees, the question is whether the trial court erred when it did not award the entire amount requested. Mid South directs us to KRS 134.452(5), which provides:

> The General Assembly recognizes that third-party purchasers play an important role in the delinquent tax collection system, allowing taxing districts to receive needed funds on a timely basis. The General Assembly has carefully considered the fees and charges authorized by this section, and *has determined that the amounts established are reasonable based on the costs of collection and fees and charges incurred in litigation.*

---

[2] KRS 134.452(3)(b) states:

> For purposes of this subsection:
>
> 1. Actual attorneys' litigation fees up to two thousand dollars ($2,000) *may be reasonable if* the fees are based upon documented work performed at a rate commensurate with hourly rates customarily charged by private attorneys in that jurisdiction for similar services. . . .
>
> 2. Any attorneys' litigation fee in excess of two thousand dollars ($2,000) shall be allowed *if* authorized by the court upon a finding that the third-party purchaser incurred actual attorneys' litigation fees in excess of two thousand dollars ($2,000) and that those attorneys' litigation fees were *warranted* based upon the complexity of the issues presented in the litigation.

(Emphasis added.) This language indicates an award of attorney's fees is permitted if the amount is reasonable and warranted. Contrary to Mid South's assertions, this language does not create a presumption of reasonableness of charges for attorney's fees up to two thousand dollars.

(Emphasis added.) Mid South argues this provision creates a presumption of entitlement to attorney's fees presented in connection with collection efforts under this statute. We disagree with Mid South's contention that the trial court was mandated by this subsection and/or statute to approve the full amount of the attorney's fees and costs presented so long as they do not exceed the maximum amounts contained in this statute. Rather, it appears from the text of this subsection that its purpose is to declare that the legislature found its own calculated amounts detailed in this statute to be reasonable ceilings for recovery.

There is a dearth of published case law interpreting the effect of KRS 134.452 upon the determination of appropriate awards of attorney's fees and costs in association with collection efforts on a COD. Nevertheless, we hold that the proper method for determining actual and reasonable attorney's fees pursuant to KRS 134.452 is set forth in *Meyers v. Chapman Printing Co., Inc*., 840 S.W.2d 814 (Ky. 1992). Although *Meyers* involved claims under the Kentucky Civil Rights Act, it is instructive because it dealt with appellate review of the appropriateness of an award of attorney's fees authorized by statute. An "attorney's fee awarded should consist of the product of counsel's reasonable hours, multiplied by a reasonable hourly rate, which provides a 'lodestar' figure, which may then be adjusted to account for various special factors in the litigation." *Id.* at 826. Using the lodestar method, a court may consider the complexity or

simplicity of a proceeding to collect or protect the COD, the skill required, and the fee customarily charged in the locality for similar proceedings.

Special factors that may be considered in awarding attorney's fees are set forth in *Axton v. Vance*, 207 Ky. 580, 269 S.W. 534 (1925). These factors include:

> (a) Amount and character of services rendered.
>
> (b) Labor, time, and trouble involved.
>
> (c) Nature and importance of the litigation or business in which the services were rendered.
>
> (d) Responsibility imposed.
>
> (e) The amount of money or the value of property affected by the controversy, or involved in the employment.
>
> (f) Skill and experience called for in the performance of the services.
>
> (g) The professional character and standing of the attorneys.
>
> (h) The results secured.

*Id*., 269 S.W. at 536-37. What can be gleaned from these factors in considering the reasonableness of attorney's fees is that a determination should be made based upon the trial court's knowledge, experience, and common sense. As the Court cautioned in *In re Citizens Fidelity Bank & Trust Co*., 550 S.W.2d 569, 570 (Ky. App. 1977): "(It) should be done with a view to common sense realism, that is to

say, it should pose an amount that public standards will approve for the work done, time consumed and the skill required." (Citation omitted.) It is the trial court's role to follow the statutory language to provide a third-party purchaser of a COD with the means to recover and protect its tax lien, as well as to safeguard the public against possible abuses of the judicial process by not allowing excessive attorney's fees and costs to be imposed upon economically burdened citizens.

Here, Mid South argues this case was "complex" because it concerned more than one COD and Mid South had issues with achieving service upon Adkins and eventually had to hire a warning order attorney. However, we note that the record is straightforward, and ultimately the final judgment and order of sale was entered on Mid South's dispositive motions with no answer, response, or objection ever having been filed by Adkins. Mid South further asserts the trial court acknowledged the reasonableness of its hourly rate. However, the trial court also expressed its hesitancy to award the full amount of the claimed attorney's fees and costs when they so greatly exceeded the face value of the CODs at issue as unreasonable and uncustomary for an award of attorney's fees in its jurisdiction. It was also noted that at least a portion of the attorney's fees was for travel, and that amount would have been lower had this case been handled by local counsel. Thus, applying the lodestar method and a common-sense analysis to the case herein, we

cannot say that the trial court abused its discretion in awarding reduced attorney's fees and costs.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Boyd Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FILED FOR APPELLEES

M. Scott Mattmiller
Della C. Cummings
Lexington, Kentucky